**Maurice F. McCARTHY, Jr., M.D., et al., Plaintiffs,**

v.

**BARNETT BANK OF POLK COUNTY, A Florida Bank, and Barnett Banks, Inc., a Florida corporation, Defendants.**

**No. 88–311–Civ–T–17(B).**

United States District Court, M.D. Florida, Tampa Division.

Oct. 15, 1990.

See also, 876 F.2d 89.

Karl V. Hart, Shutts & Bowen, Orlando, Fla., Donald H. Wilson, Jr., Boswell, Stidham, Conner & Wilson, P.A., Bartow, Fla., for plaintiffs.

Peter W. Homer, Trial Counsel, Greer, Homer, Cope & Bonner, P.A., Miami, Fla.,

Robert J. Winicki, Lamar Winegeart, III, Trial Counsel, Mahoney, Adams, Milam, Surface & Grinsley, Jacksonville, Fla., Robert E. Puterbaugh, Peterson, Myers, Craig, Crews, Brandon & Mann, Lakeland, Fla., for defendants.

Deborah R. Linfield, New York City, for Lakeland Ledger Pub. Corp.

Wofford H. Stidham, Bartow, Fla., for Receiver William H. McBride, Jr.

Robert K. Good, Office of the Comptroller, Orlando, Fla., John W. Campbell, MacFarlane, Ferguson, Allison & Kelly, Tampa, Fla., for Comptroller of the State of Fla.

## ORDER

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on motions to dismiss Plaintiffs' Third Amended Complaint filed by Defendants, BARNETT BANK OF POLK COUNTY, a Florida bank and BARNETT BANKS, INC., a Florida corporation. This case involves allegations of securities fraud, RICO violations, Florida Criminal Practices Act violations, common law fraud, conspiracy and breach of fiduciary duty.

Plaintiffs in this action are former investors in a company called SH Oil & Gas Exploration. Defendants are identified in the complaint as BARNETT BANKS, INC., a bank holding company which does business directly or through subsidiaries including Defendant, BARNETT BANK OF POLK COUNTY. BARNETT BANK OF POLK COUNTY is further described as doing business in Polk County as a wholly owned subsidiary of BARNETT BANKS, INC.

According to the complaint, Stephen L. Smith sold SH Oil "securities" to Plaintiffs. In fact, Mr. Smith and SH Oil owned few if any oil or gas wells. Mr. Smith used money from new investors to pay old investors a high rate of return on their investment in a classic Ponzi scheme. Defendants issued a three million dollar unsecured line of credit to Mr. Smith, but subsequently became aware that Mr. Smith did not own any oil wells. To avoid large losses that would result in disclosure of the Ponzi scheme operated by Mr. Smith, Defendants did not disclose their knowledge of the fraud. Certain of Defendants' employees also made statements that indicated SH Oil had been investigated by Defendants and was a safe investment.

Defendants assert that Plaintiffs' entire Third Amended Complaint should be dismissed because fraud was not pled with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Defendants also maintain that the counts of securities fraud under 17 C.F.R. § 24.10b–5 and Section 12 of the Securities Act of 1933 are barred as the applicable statutes of limitations have run. Defendants further assert that each count fails to substantially state a claim for which relief may be granted. Lastly, Defendants request that the claim for punitive damages be struck for failure to show evidence that would provide a reasonable basis for such a recovery.

As a preliminary matter, the Court notes that Defendant, BARNETT BANKS, INC., filed a support memorandum for its motion to dismiss which adopted all the arguments contained in Defendant, BARNETT BANK OF POLK COUNTY's support memorandum. BARNETT BANKS, INC. did however, make a separate argument that Plaintiffs did not allege misrepresentations, omissions or breaches of duty by BARNETT BANK, INC. The contrary is true. The complaint has multiple references to the involvement of BARNETT BANKS, INC. in misrepresentations and omissions. Further, the complaint used the term BARNETT to mean both Defendants and the complaint does have numerous references to breaches committed by BARNETT. Therefore, Plaintiffs have adequately alleged that Defendant, BARNETT BANKS, INC., has committed wrongful acts. Consequently, all future references in this order to Defendants or to BARNETT include both BARNETT BANK OF POLK COUNTY and BARNETT BANKS, INC.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to

relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947).

### I. RULE 9(b)

■ Defendants argue that the entire Third Amended Complaint should be dismissed for failure to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Defendants state that the complaint must specify at a minimum the time, place, speaker and content of the alleged misrepresentations. The Eleventh Circuit has held that "[a]llegations of date, time or place satisfy the Rule 9(b) requirement that the circumstances of the alleged fraud must be pled with particularity, but alternative means are available to satisfy the rule." *Durham v. Business Management Associates,* 847 F.2d 1505 (11th Cir.1988). A complaint satisfies Rule 9(b) if it affords the defendant notice of the claims against him and shows reasonable belief on the plaintiff's part that the complaint has merit. *Zuckerman v. Frony,* 573 F.Supp. 351, 356–67 (S.D.Fla. 1983).

■ Plaintiffs have alleged that Defendants' employees did make certain fraudulent statements during certain time frames. *See* e.g. Complaint at ¶¶ 9, 65, 111–12, 224–26. These allegations not only meet the standard announced in *Durham,* they are also adequate to meet the rigid standard of time, place, manner and person required by some courts to meet Rule 9(b). *See, e.g., Bender v. Southland Corp.,* 612 F.Supp. 1421, 1429 (S.D.N.Y.1985). Each of the paragraphs mentioned above were incorporated into each of the counts; therefore, since these allegations meet the requirements of Rule 9(b), each count meets the requirement generally. However, Defendants assert and Plaintiffs admit that some Plaintiffs do not allege misrepresentation.

### II. ALLEGATION OF MISREPRESENTATION

■ Misrepresentation is an essential element in Rule 10b–5(b) and must be pled with specificity. As to those Plaintiffs who did not assert misrepresentation, BLL PARTNERSHIP, JOHN SANBORN, PHYLLIS SANBORN, JOHN A. SUSAC, R.H. HOSKINS, III, and ANDREW W. HOSKINS, the portion of Count I which alleges a Rule 10b–5(b) violation does fail to state a cause for relief. Therefore, the motion to dismiss as to the portion of Count I which claims 10b–5(b) violations for Plaintiffs, BLL PARTNERSHIP, JOHN SANBORN, PHYLLIS SANBORN, JOHN A. SUSAC, R.H. HOSKINS, III and ANDREW W. HOSKINS, is granted.

However, Defendants' motion to dismiss the entire complaint for failure to plead with specificity is DENIED.

### III. STATUTE OF LIMITATIONS

Defendants argue that Counts I through III and V through VIII should be dismissed as each applicable statute of limitation has run.

#### A. *Section 12(2) Claim*

■ Counts VII and VIII alleging violation of Section 12(2) of the Securities Act of 1933 are timely, as the applicable statute of limitation found in Section 13 of the Securities Act of 1933 provides for tolling of the one year time limit until discovery of the untrue statements. Plaintiffs allege that they did not know of Defendants' untrue statements and omissions until January 2, 1988. Complaint at ¶ 243. The material allegations of the complaint are taken as true for the purpose of a motion to dismiss. *St. Joseph's Hospital v. Hospital Corp. of America,* 795 F.2d 948 (11th Cir.1986). Thus, the one year statute of limitations found in Section 13 which controls Section 12(2) was tolled until January 1, 1988. As all Plaintiffs filed a complaint prior to January 1, 1989, the statute of limitations was met.

Further, the additional time requirement found in Section 13 that requires any action be brought within three years of the sale of

the security is met as Plaintiffs allege that each of the securities were issued and sold within three years of the filing of the complaint. Defendants' motion to dismiss Counts VII and VIII is DENIED.

### B. *Section 12(1) Claim*

██ Counts V and VI which allege violations of Section 12(1) of the Securities Act of 1933 are not timely for some of the named Plaintiffs. Section 13, the applicable statute of limitations for Section 12(1) actions, requires that a Section 12(1) action be brought within one year of the violation. Plaintiffs, ARTHUR W. HOOPER as Trustee for the ARTHUR W. HOOPER IRA TRUST and MARY E. GREEN, made their last purchase of securities at least one year prior to the date each filed a complaint. *See* Exhibits to the Third Amended Complaint. Plaintiffs rely on several cases allowing equitable tolling of the statute in a Section 12(1) action. No cases from this circuit are cited as controlling by either party.

██ The question of equitable tolling can be resolved by a careful reading of Section 13. Unlike the tolling explicitly provided for in Section 13 for a Section 12(2) action, there is no such saving language for a Section 12(1) action. The Court concludes that Congress intended that a Section 12(2) claim be tolled in certain situations by including such a provision, but by leaving out such language when referring to section 12(1), Congress did not intend tolling of a Section 12(1) claim. This conclusion has been reached by other courts. *See, e.g., McLernon v. Source Intern, Inc.,* 701 F.Supp. 1422, 1427 (E.D.Wis.1988). Each Plaintiff who purchased his securities one year prior to filing his complaint is barred from maintaining a Section 12(1) action and Defendants' motion to dismiss as to those Plaintiffs, ARTHUR W. HOOPER as trustee for the ARTHUR W. HOOPER IRA TRUST and MARY E. GREEN, only, is GRANTED.

### C. *Rule 10b-5*

██ Defendants also state that Counts I, II and III should be dismissed as they were filed in an untimely fashion. Defendants urge that since Rule 10b–5 under Section 10(b) does not have a statute of limitations that this Court apply an analogous federal statute of limitations, namely Section 13 of the Securities Act of 1933 as it applies to Section 12(2) violations. Defendants rely on *In re Data Access Systems Securities Litigation,* 843 F.2d 1537 (3d Cir.1988). The Eleventh Circuit, has reaffirmed that the correct statute of limitations in 10b–5 claims is the analogous state statute of limitations. *Durham v. Business Management Associates,* 847 F.2d 1505, 1508 (11th Cir.1988). As discussed earlier, this statute of limitations is one year but is tolled until Plaintiffs learn of the untrue statements or omissions. Plaintiffs allege they did not know of the fraud until January 1, 1988. The last Plaintiff to file a complaint did so on August 5, 1988, less than one year later. Thus, even if the statute of limitations contained in Section 13 is applied, Plaintiffs' claims were timely filed. Defendants' motion to dismiss Counts I, II and III as untimely filed is DENIED.

## IV. FAILURE TO STATE A CLAIM

Next, Defendants assert that each individual count of the Third Amended Complaint fails to state a claim for relief.

### A. *Section 772.103(3), Florida Statutes*

██ Defendants support their position that Counts IX and XII be dismissed because Plaintiffs fail to state claims for relief under Florida's Civil Remedy for Criminal Procedures Act with case law that discusses Florida's RICO Act, an entirely different provision. There is a dearth of Florida State court decisions in this area but a plain reading of the statutes indicates that Plaintiffs have stated a claim for relief. Plaintiffs allege Defendants committed, with criminal intent, at least two violations of mail, wire and securities fraud and that Defendants received profits from these violations. This is all that is required by the relevant statutes in order to state a claim for relief. Defendants' motion to dismiss Counts IX and XII is DENIED.

## B. *RICO*

Defendants assert that Counts IX and X fail to state a claim for relief under the Federal RICO statute for two reasons.

### 1. Failure to Allege Predicate Acts.

█ First, Defendants claim that the complaint did not allege any criminal predicate acts. Plaintiffs have alleged acts by Defendants that not only constitute wire fraud, Fraud (complaint ¶ 229), but also acts that are in violation of the Securities Exchange Act of 1934. Complaint ¶ 228. Plaintiffs allege Stephen Smith/SH Oil committed numerous predicate acts of wire fraud, mail fraud and fraud in the sale of securities. Complaint ¶¶ 295, 296. Further, Plaintiffs alleged Defendants were members of the scheme to defraud Plaintiffs. Complaint ¶ 244. Defendants need not personally commit the predicate acts provided that there is adequate evidence to connect the defendants to the scheme. *Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112 (5th Cir.1987). Plaintiffs have sufficiently alleged Defendants committed the necessary predicate criminal acts.

### 2. Failure to Allege Guilty Knowledge

█ Defendants claim that the complaint fails to allege guilty knowledge on the part of Defendants. The complaint in fact does allege Defendants had such knowledge. Complaint ¶¶ 213, 227, 235. Similarly, Defendants contend that no allegation of conspiracy to violate the RICO statute appears in the complaint. This contention is negated by a careful reading of the complaint at paragraph 302. Though an agreement to participate directly or indirectly in an enterprise must be shown, the inference of an agreement can be concluded. *United States v. Elliot*, 571 F.2d 880 (5th Cir.1978). At a minimum, Plaintiffs have adequately alleged an inference of an agreement. Accordingly, Defendants' motion to dismiss Counts IX and X is DENIED.

### C. *Common Law Fraud and Conspiracy*

Defendants propose that Plaintiffs fail to state a claim for common law fraud and conspiracy to commit fraud in Counts XIII and XIV for four reasons.

### 1. Actionable Misrepresentation

Defendants assert that actionable misrepresentations were not made by Defendants. This is true as to Plaintiffs BLL PARTNERSHIP, JOHN SANBORN, PHYLLIS SANBORN, JOHN A. SUSAC, R.H. HOSKINS III and ANDREW W. HOSKINS. These Plaintiffs made no allegation of misrepresentation but these Plaintiffs are not named in this Count. The Complaint does allege misrepresentations by Defendants to all other Plaintiffs.

### 2. Knowingly Misled

█ Defendants state that Plaintiffs allege no facts that Defendants "deliberately and knowingly" misled Plaintiffs, but this is not required. Fraud is actionable if Defendant makes a representation without knowledge as to its truth or falsity. *Atlantic Nat. Bank of Florida v. Vest*, 480 So.2d 1328 (Fla. 2d DCA 1985), *rev. denied*, 491 So.2d 281, 508 So.2d 16.

### 3. Reliance

█ Defendants claim Plaintiffs fail to allege reliance because most Plaintiffs failed to have direct contact with Defendants. It is immaterial whether a misrepresentation reaches a representee in a direct or circuitous manner, representee still has a right to rely on the statement. *Harrell v. Branson*, 344 So.2d 604 (Fla. 1st DCA 1977). Defendants' motion to dismiss Count XIII is DENIED.

### 4. Conspiracy

Plaintiffs' count for conspiracy to commit fraud also states a claim. Paragraphs 244, 245 and 328 allege a knowing agreement and conspiracy to defraud. Paragraphs 209, 227 and 228 allege acts of fraud. Defendants' motion to dismiss Count XIV is DENIED.

### D. *Fiduciary Duty*

█ Count XI of Plaintiffs' complaint is for breach of fiduciary duty. Defendants assert that such a claim based on misrepresentations is not distinct from a fraud

claim. This Court does not have to reach that decision to resolve this motion to dismiss as Plaintiffs may plead in the alternative. Dismissal of one count or the other, if necessary, can await proof at trial.

### E. *10b–5 Violations*

Defendants assert that Plaintiffs have failed to allege violations of Rule 10b–5 in Counts I–IV for several reasons.

#### 1. Persons Liable

 Defendants assert that only sellers or buyers are liable for violations of Rule 10b–5. A defendant may be liable for not only selling a security but for making a statement or otherwise causing someone to purchase a security. *McLernon v. Source Intern, Inc.,* 701 F.Supp. 1422 (E.D.Wis.1988).

#### 2. Duty to Disclose

 Defendants also claim they have no duty to disclose information concerning the fraud of SH Oil and Stephen L. Smith. The court in *Roberts v. Peat, Marwick, Mitchell & Co.,* 857 F.2d 646 (9th Cir.1988), listed several factors that aid in determining whether a duty to disclose exists. These factors are:

a. The relationship of Defendants to Plaintiffs;

b. Defendants' access to information compared to Plaintiffs' access;

c. The benefit that Defendants gain from the relationship with Plaintiffs;

d. Defendants' knowledge of Plaintiffs' reliance;

e. Defendants' participation in the securities transaction. *Id.* at 653–65.

After weighing the above factors, the Court finds that dismissal is inappropriate. The Court further notes a duty to disclose can also be created when a defendant's failure to speak renders his prior voluntary speech deceptive or misleading. *Rudolph v. Arthur Andersen & Co.,* 800 F.2d 1040 (11th Cir.1986). A defendant has a duty to disclose if he intentionally fails to reveal what he knows to be fraud. *Id.* at 1043. Plaintiffs allege *inter alia* that Defendants did make statements that Defendants did

not later correct, despite obtaining knowledge that the statements were false.

#### 3. Reliance

 Defendants state that Plaintiffs do not allege reliance. The complaint alleges reliance inferentially at paragraph 228 and alleges reliance directly at paragraph 230. Further, Plaintiffs need not have direct contact with Defendants so long as Defendants' statements were intended to induce reliance indirectly if indeed such reliance occurs. *Hill v. Equitable Banks, N.A.,* 599 F.Supp. 1062, 1083–84 (D.Del.1984). Plaintiffs allege that Defendants did intend to directly induce the public to rely on Defendants' statements, in paragraphs 228 and 230 of the complaint. As Plaintiffs have alleged the necessary elements of a 10b–5 violation, Defendants' motion to dismiss Count I is DENIED.

### F. *Aiding and Abetting/Conspiracy*

As for Counts II and III, which allege aiding and abetting and conspiracy, Plaintiffs have also stated claims for relief. As discussed above, Defendants owed Plaintiffs a duty. Further, contrary to Defendants' assertions, the complaint alleges Defendants knew of and assisted in Smith's scheme to violate Rule 10–5 which is sufficient to allege aiding and abetting. Complaint ¶¶ 244, 254. Plaintiffs also allege the existence of a conspiracy to violate Rule 10b–5. Complaint ¶¶ 244, 258. Defendants' motion to dismiss Counts II and III is therefore DENIED.

### G. *Section 20*

 Defendants assert that control person liability under Section 20 of the Securities Act of 1934 alleged in Count IV should be dismissed as Plaintiffs are required to identify a "controlled person" who has violated the Securities Act and Plaintiffs did not so identify anyone. The Court does not agree. Plaintiffs need not identify the principal perpetrator of the securities violations who is subject to the named Defendants' control. *Securities and Exchange Commission v. Savoy Industries, Inc.,* 587 F.2d 1149, 1170 n. 47 (D.C.Cir.1978). More-

over, Plaintiffs' complaint is replete with allegations that employees of Defendants, i.e. "controlled persons", violated securities regulations. *e.g.,* Complaint ¶¶ 225, 229. Thus, Count IV states a claim for relief and Defendants' motion to dismiss is DENIED.

## V. SECTION 12

██ Defendants also argue that Counts V through VIII fail to state claims for primary or secondary violations of Section 12 of the Securities Act of 1933. This subject is largely controlled by the Supreme Court's ruling in *Pinter v. Dahl,* 486 U.S. 622, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988). The *Pinter* court held that Section 12 liability extends to the actual seller of the unregistered securities and to those who successfully solicit the purchase so long as the solicitation was "motivated at least in part by the desire to serve his own financial interest or the interest of the seller." *Id.* at 2079.

Defendants correctly assert that Plaintiffs do not allege that Defendants actually passed title to any securities to any Plaintiff. Defendants also assert that the allegations concerning their advice to Plaintiffs was merely gratuitous which under the *Pinter* analysis means no liability would attach since financial motivation played no part.

The Complaint contains allegations such as, "Barnett solicited the purchases" and "both Barnett Polk County Subsidiary and Barnett Holding Company derived substantial profits from loans made to Stephen Smith and numerous investors in SH Oil" and "[Barnett officers] advised numerous Barnett customers and other persons that SH Oil was a legitimate enterprise ... [t]hese representations were made with an intent to benefit Barnett." Complaint ¶¶ 268, 217, 228. These statements of solicitation and financial interests are adequate allegations to state a claim for relief for principal liability under the *Pinter* interpretation of Section 12 of the Securities Act of 1933. Defendants' motion to dismiss Counts V and VII is DENIED.

## VI. PUNITIVE DAMAGES

██ In addition to Defendants' motion to strike the substantive counts of Plaintiffs' complaint, they also move that Plaintiffs' request for punitive damages be struck. As Plaintiffs' request for punitive damages is based on state claims, Florida law controls their request.

The relevant statute, Section 768.72, Florida Statutes (1989), states that a reasonable showing by evidence in the record or proffered by the claimant which shows a reasonable basis for recovery of punitive damages is necessary to sustain such a claim. Merely setting forth conclusory allegations in the complaint is insufficient to entitle a claimant to recover punitive damages. *Bankest Imports, Inc. v. ISCA Corp.,* 717 F.Supp. 1537 (S.D.Fla.1989). Plaintiffs in this case have pled specific acts committed by Defendants which are adequate to support a claim for punitive damages. The motion to strike the request for punitive damages is therefore DENIED.

In accord with the foregoing:

1. ORDERED that the motions to dismiss by Defendants, BARNETT BANK OF POLK COUNTY and BARNETT BANKS, INC., as to the portion of Count I which alleges Rule 10b–5(b) violations for Plaintiffs, BLL PARTNERSHIP, JOHN SANBORN, PHYLLIS SANBORN, JOHN A. SUSAC, R.H. HOSKINS and ANDREW HOSKINS is GRANTED. It is further

2. ORDERED that the motions to dismiss by Defendants, BARNETT BANK OF POLK COUNTY and BARNETT BANKS, INC., as to the portion of Counts V and VI which allege Section 12(1) violations for Plaintiffs, ARTHUR W. HOOPER as trustee for the ARTHUR W. HOOPER IRA TRUST and MARY E. GREEN is GRANTED. It is further

3. ORDERED that the motions to dismiss by Defendants, BARNETT BANK OF POLK COUNTY and BARNETT BANKS, INC., as to all other Plaintiffs and Counts is DENIED. It is further

4. ORDERED that the request of Defendants, BARNETT BANK OF POLK

COUNTY and BARNETT BANKS, INC. to strike Plaintiffs' demand for punitive damages is DENIED.

DONE and ORDERED.