**MAGNA INVESTMENT CORP.,**
Plaintiff–Appellant,

v.

**JOHN DOES ONE THROUGH TWO HUNDRED, d/b/a Price Waterhouse & Co., Defendant–Appellee.**

No. 90–5199.

United States Court of Appeals, Eleventh Circuit.

May 13, 1991.

Mark T. Blake, Miami Beach, Fla., Guy Rasco, Zuckerman, Spaeder, Taylor & Evans, Miami, Fla., for plaintiff-appellant.

Richard E. Brodsky, Miami, Fla., for defendant-appellee.

Before FAY and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

Magna Investment Corporation brought suit against Price Waterhouse, an accounting firm. The suit alleges, among other things, violations of the Securities Exchange Act of 1934, §§ 10(b) and 18(a),[1] and Rule 10b–5,[2] in connection with the actions of Price Waterhouse in performing an audit of, and in issuing an opinion on the financial state of, Electronic Specialty Products, Inc.

The district court granted Price Waterhouse summary judgment on the section 10(b) and Rule 10b–5 claims based on its reading of the Supreme Court's decision in *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). In *Hochfelder*, the Supreme Court held that a private cause of action cannot exist under section 10(b) and Rule 10b–5 without the element of scienter, 425 U.S. at 193, 96 S.Ct. at 1381, which the Court defined as "a mental state embracing intent to deceive, manipulate, or defraud," 425 U.S. at 193 n. 12, 96 S.Ct. at 1381 n. 12. The district court in this case concluded that, because Magna failed to show that Price Waterhouse "intentionally sought to deceive, manipulate or defraud through the issuance of the 1985 and 1986 F/S," Price Waterhouse did not possess the scienter necessary to establish liability under section 10(b) or Rule 10b–5.

As the district court noted, the Supreme Court in *Hochfelder* expressly declined to address the question "whether, in some circumstances, reckless behavior is sufficient for civil liability under § 10(b) and Rule 10b–5." *Id.* at 193 n. 12, 96 S.Ct. at 1381 n. 12. But, we have addressed the question and answered it in the affirmative: "The rule in this circuit is that 'severe recklessness' satisfies the scienter requirement." *Woods v. Barnett Bank of Fort Lauderdale*, 765 F.2d 1004, 1010 (11th Cir. 1985); *see also Kennedy v. Tallant*, 710 F.2d 711, 720 (11th Cir.1983). Because the district court never considered whether Magna alleged recklessness sufficient to satisfy the scienter requirement, we vacate the district court's disposition of Magna's section 10(b) and Rule 10b–5 claims and remand.[3]

The district court also granted Price Waterhouse summary judgment on the section 18 claims, finding that "Magna has not met its burden of proving [Price Waterhouse] issued the 1985 or 1986 F/S with the intent to deceive the readers of the statements. Magna has also not met its burden of proving [Price Waterhouse] issued the 1985 and 1986 F/S in bad faith, or that [Price Waterhouse] is liable as an aider or abettor."

Under section 18, a plaintiff must only plead and prove that the defendant made or caused to be made a material misstatement or omission in a document filed with the Securities Exchange Commission and that the plaintiff relied on the misstatement or omission. *See Hochfelder*, 425 U.S. at 211 n. 31, 96 S.Ct. at 1389 n. 31; *Ross v. A.H. Robins Co.*, 607 F.2d 545, 556 (2d Cir.1979); *see also* R. Jennings and H. Marsh, *Securities Regulation* 882–884 (6th ed. 1987). Section 18 accords a defendant the defense that he acted in "good

---

**1.** Codified, as amended, at 15 U.S.C.A. § 78j(b) and 78r(a).

**2.** 17 C.F.R. 240.10b–5.

**3.** We have defined "severe recklessness" as highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it. *Woods*, 765 F.2d at 1010.

faith and had no knowledge that such statement was false or misleading." [4] We, therefore, conclude that the district court erred in placing the burden of proof about Price Waterhouse's bad faith on Magna; it is the defendant's burden to prove, in the context of section 18, that it acted in good faith. In addition, nothing suggests that an intent to deceive is an element of a civil action under section 18. We, therefore, vacate the district court's disposition of Magna's section 18 claims and remand.

We VACATE the district court's disposition of the claims based on the Securities Exchange Act of 1934, §§ 10 and 18, and Rule 10b–5 and REMAND the case for further proceedings.[5]

---

4. The Supreme Court in *Hochfelder* stated, in this context, that the legislative history of the section "suggests something more than negligence on the part of the defendant is required for recovery." *See Hochfelder,* 425 U.S. at 211 n. 31, 96 S.Ct. at 1390 n. 31.

5. Because we are remanding the case for further proceedings, Price Waterhouse's request for judicial notice, or in the alternative, to supplement the record, is denied.