**Alexander LAJOS, Petitioner,**

v.

**duPONT PUBLISHING, INC. and Thomas L. duPont, Respondents.**

No. 94–2026–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

June 5, 1995.

Bret Thomas Jardine, Shofi, Smith, Hennen, Jenkins, Stanley & Gramovot, P.A., Tampa, FL, for Alexander Lajos.

James Douglas Baldridge, Rudnick & Wolfe, Washington, DC, for duPont Pub., Inc.

Matthew R. O'Kane, Rudnick & Wolfe, Tampa, FL and James Douglas Baldridge, Rudnick & Wolfe, Washington, DC, for Thomas L. duPont.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause of action is before the Court on Defendants', duPont Publishing, Inc., and Thomas L. duPont (hereinafter "duPont"), motion to dismiss Counts I and II, in their entirety, and Count IV as to Thomas L. duPont only, filed January 26, 1995 (Docket No. 7), and opposition thereto, filed February 23, 1995 (Docket No. 15). Defendants claim that Counts I and II and Count IV, with respect to Thomas L. duPont, fail to state claims on which relief can be granted. Further, Defendants claim that Count IV's request for an award of costs and attorney's fees should be stricken.

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In reviewing a motion to dismiss, the court is required to view that complaint in the light most favorable to the Plaintiff and accept all allegations as true. *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F.Supp. 572 (M.D.Fla.1993) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Such a motion should be granted only where the Plaintiff can prove no set of facts upon which relief could be granted. *National Organization for Women v. Scheidler*, —— U.S. ——, ——, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994) (citing *Hishon v. King*

*Spalding*, 467 U.S. 69, 71–72, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)).

The complaint in this action contained the following causes of action against Defendant duPont: Count I—conversion; Count II—civil theft; Count III—breach of contract; Count IV—copyright infringement. Plaintiff alleges that he and Defendants entered into an oral agreement that Lajos would produce original color illustrations for use as cover illustrations on Defendants' publication, the "duPont Registry." Plaintiff claims that the oral agreement provided that the illustrations were licensed for use as cover illustrations and that the originals were to be returned to Lajos after transference to the magazine cover. Plaintiff states that Defendants refused to return the original illustrations upon request, and used the illustrations on other promotional materials in violation of the license agreement and copyrights.

### Counts I & II—Preclusion by Economic Loss Rule

■ As to Counts I and II (conversion and civil theft, respectively), duPont alleges that Plaintiff, Alexander Lajos (hereinafter "Lajos"), is precluded from asserting the conversion claims by the "economic loss rule." To obtain relief for conversion, the alleged conversion must be independent from any damages Plaintiff may have suffered under his contract with Defendants. *Florida Power & Light Co. v. Westinghouse Electric Corp.*, 510 So.2d 899 (Fla.1987) (adopting the "economic loss rule"). "If Plaintiffs seek to avail themselves of the remedies provided by a purported contract, they cannot simultaneously disavow the limitations of that relationship." *Leisure Founders, Inc. v. CUC International, Inc.*, 833 F.Supp. 1562, 1573 (S.D.Fla.1993). In *Leisure Founders*, the court gave an example of a building contractor stealing doors as an illustration of conversion unrelated to the contract. *Id.* at 1574.

Plaintiff's allegations, accepted as true for these purposes, state that the oral agreement included the condition that "Lajos' original paintings were to be used for the specific purpose of the illustration for a specified month's cover of the "duPont Registry"

wherein the original artwork was to be returned by the Defendant to Lajos immediately after the transference of the magazine cover." Plaintiff's Complaint, paragraph 10 at p. 3 (Docket No. 1). Plaintiff also contends that he made several requests to Thomas duPont for the return of the original artwork, but duPont refused to return any of the original artwork. Plaintiff's Complaint, paragraph 16 at p. 4 (Docket No. 1).

Plaintiff further states that while the artwork was licensed to duPont for use on magazine covers of the "duPont Registry," duPont reproduced Lajos' original artwork and paintings in various advertisements and posters without Lajos' express written permission, as required by the license granted duPont by Lajos and by copyright laws. Plaintiff's Complaint, paragraph 19 at p. 5 (Docket No. 1).

Plaintiff's allegations assert that the Plaintiff retained property rights in the original artwork under the oral contract with duPont, and that Defendant converted these property rights for its own use. Further, that Defendant's actions were independent of Defendant's rights or obligations under the production and licensing agreement, similar to the contractor's independent act of stealing doors. Plaintiff therefore states a claim for conversion and civil theft, and Defendant's Motion to Dismiss Counts I & II is denied.

### Count II—Requested Dismissal Because of Unavailability of Treble Damages

■ As to the request to dismiss Count II (civil theft) because of the alleged unavailability of treble damages, the allegation of Count II does not rest solely upon the requested remedy. The availability of treble damages turns upon whether the retention of the original artwork constituted conversion or civil theft, and whether this retention was within the scope and conditions included in the oral contract between Lajos and duPont.

A conversion occurs "when a person who has a right to possession of property demands its return and the demand is not or cannot be met." *Misabec Mercantile, Inc. v. Donaldson, Lufkin & Jenrette ACLI Futures, Inc.*, 853 F.2d 834, 838. The Complaint asserts that, in the instant case, these conditions were met. Plaintiff's Complaint, paragraph 16 at p. 4, paragraph 23 at p. 6, paragraph 29 at p. 7 (Docket No. 1).

If the actions of the Defendants "plainly encompass the alleged conversion," precedent might exist to bar a claim of treble damages. See *Leisure Founders*, 833 F.Supp. 1562, 1573 (S.D.Fla.1993).

However, the possibility that Plaintiff retained property rights in the original artwork as discussed in the previous section entitled "Counts I & II—Preclusion by Economic Loss Rule" raises the possibility that Defendants' actions were outside the scope of the oral agreement, and not barred by the precedent set in *Leisure Founders*. Plaintiff therefore states a claim for conversion and civil theft and a claim for which treble damages might be available, and Defendant's Motion to Dismiss Count II Because of Unavailability of Treble Damages is denied.

### Count II—Requested Dismissal Because of Failure to Allege Felonious Intent

■ Defendants also request dismissal of Count II (civil theft) because of the failure to allege felonious intent. While there is no dispute that the words "criminal" or "felonious intent" are not included in the Complaint, there is disagreement as to whether criminal or felonious intent is demonstrated by Plaintiff's allegations of fact. The failure to include the specific language is not itself sufficient cause for dismissal. *Gordon v. Omni Equities, Inc.*, 605 So.2d 538 (Fla. 1st DCA 1992). Plaintiff's allegations, taken as true, raise the possibility that Plaintiff retained property rights in the artwork. This possibility of retained property rights casts doubt upon the claim of absence of plead intent in the Complaint based upon the lack of specific words of intent. Plaintiff therefore may have intended that the allegations of fact carried with them the imputed intent required to establish a claim for civil theft. Viewing the claim in the light most favorable to the Plaintiff, Defendant's Motion to Dismiss Count II Because of Failure to Allege Felonious Intent is denied.

### Count IV—Requested Dismissal of Complaint Against Thomas L. duPont

Defendants request dismissal of Count IV against Thomas L. duPont personally, claiming that there is no basis for the personal liability of duPont for copyright infringement. Case law cited by both Plaintiff and Defendant indicates that corporate officers may be held jointly and severally liable for copyright infringement. To state a claim for copyright infringement against a corporate officer, that officer must have: 1) dominant influence in the corporation; 2) the capacity to control the acts of the corporation; 3) the ability to supervise the infringing activity; and 4) either a financial interest in that infringing activity, or have personally participated in the activity. *Quartet Music v. Kissimmee Broadcasting, Inc.*, 795 F.Supp. 1100, 1103 (M.D.Fla.1992) (citing *Southern Bell Tel. & Tel. Co. v. Associated Tel. Dir. Publishers*, 756 F.2d 801 (11th Cir. 1985)). Plaintiffs allegations, taken as true, state that duPont is the President of duPont Publishing, Inc. Plaintiff's Complaint, paragraph 4 at p. 1 (Docket No. 1). Viewing the claim in the light most favorable to the Plaintiff, it is possible that DuPont, as President of duPont Publishing, Inc., meets the requirements delineated in *Quartet Music* to be held personally liable for the alleged actions of duPont Publishing, Inc. Therefore, Defendant's Motion to Dismiss Count IV against Thomas L. duPont because of lack of basis for personal liability for copyright infringement is denied.

### Count IV—Request that Costs and Attorney's Fees be Stricken

Defendants request that costs and attorney's fees be stricken from Count IV (copyright infringement). As stated in the Copyright Act, 17 U.S.C. § 412, the award of attorney's fees is permitted only if the copyright was registered before the infringement. The Complaint shows the common registration date for all copyrights as June 30, 1994. (Docket No. 1, paragraph 17, pp. 4–5). The Complaint alleges that the artwork was used both for the covers of the "duPont Registry" and in other promotional materials (Docket No. 1, paragraphs 18 & 19, p. 5). While the approximate publication dates for the "duPont Registry" are specified in the Complaint, no publication dates are given for any of the other promotional materials. It is conceivable that the publication of some of the items, which Plaintiffs allege were copyright violations, occurred after the aforementioned copyright registration date. If copyright violations occurred after the copyright registration date, Plaintiffs might be eligible for an award of costs and attorney's fees. Therefore, Defendant's request to strike Count IV's request for an award of costs and reasonable attorney's fees is denied. Accordingly, it is

**ORDERED** that the motion to dismiss or strike (Docket No. 7) be **DENIED.**

**DONE AND ORDERED.**