921 F.Supp. 750 (1996)
FLA. DEPT. INSURANCE, As Receiver of United States Employer Consumer Self-Insurance Fund of Florida, Plaintiff,
v.
DEBENTURE GUARANTY; Robert Colgin Wilson; Gary L. Long; C. Beverly Lance; Thomas Bertram Lance; James E. Carter, III; John J. Kenny; Nicholson/Kenny Capital Management, Inc.; Pauli & Company, Inc.; Steven Signer; Cohig & Associates; George R. Johnston; Johnston & Kent Securities, Inc.; John Balazovic; and Jeffrey L. Crowley, Defendants.
No. 95-1826-CIV-T-17E.
United States of America, M.D. Florida, Tampa Division.
April 8, 1996.
*751 *752 Clifford Timothy Gray, Fla. Dept. of Insurance, Division of Rehabilitation & Liquidation, Tallahassee, FL for Fla. Dept. Insurance.
Gary L. Long, Knoxville, TN, pro se.
Bobby Lee Cook, Cook & Connelley, P.A., Summerville, GA, for C. Beverly Lance and Thomas Bertram Lance.
David Barnett Weinstein, Williams, Reed, Weinstein, Schifino & Mangione, P.A., Tampa, FL, Williams Reed Weinstein, Schifino & Mangione, P.A., Tampa, FL, Frank Susman, Susman, Schermer, Rimmel & Shifrin, L.L.C., St. Louis, MO, for John J. Kenny and Nicholson/Kenny Capital Management, Inc.
Ronald Sturgis Holliday, Rudnick & Wolfe, Tampa, FL, David W. Harlan, Daniel G. Vogel, Melanie King, Gallop, Johnson & Newmann, L.C., St. Louis, MO, for Pauli & Company, Inc.
Timothy Joseph McDermott, Tripp, Scott, Conklin & Smith, Ft. Lauderdale, FL, for Steven Signer and Cohig & Associates.
John Balazovic, Mississauga, Ontario, Canada, pro se.

ORDER ON MOTION TO DISMISS BY DEFENDANTS COHIG & ASSOCIATES, INC. AND STEVEN SIGNER
KOVACHEVICH, Chief Judge.
This action is before the Court on motion to dismiss by Defendants Cohig & Associates (hereafter Defendant Cohig) and Steven Signer (hereafter Defendant Signer) (Dkt. 36) with memorandum in support (Dkt. 37) and response thereto (Dkt. 55).

FACTS
In approximately November 1994, the Florida Department of Insurance notified United States Employer Consumer Self-Insurance Fund of Florida (hereafter USEC-FL) that it was deficient in capitalization requirements imposed by Florida Insurance Code. USEC-FL subsequently entered into a customer agreement with Defendants Wilson and Long for the purpose of infusing capital into USEC-FL. Between December 27, 1994, and January 10, 1995, Wilson and Long obtained $3.2 million from USEC-FL for the purpose of trading in U.S. Treasury securities.
Wilson and Long entered into an agreement with Defendant Signer, a registered representative of Defendant Cohig. On January, 31, 1995, Defendant Signer represented that approximately $8.4 million existed in cash accounts at Cohig & Associates for the use and benefit of USEC-FL. USEC-FL liquidated $1,087,226.00 of its investment assets to be added to the approximately $8.4 million cash accounts. On March 17, 1995, Defendant Signer represented to USEC-FL that approximately $9.5 million in securities was on account at Cohig & Associates for the use and benefit of USEC-FL.
On November 6, 1995, Plaintiff Florida Department of Insurance filed a complaint in this Court, as receiver (hereafter Plaintiff) for USEC-FL (Dkt. 1), against fifteen (15) *753 Defendants including Defendants Cohig and Signer. On February 20, 1996, these defendants filed a motion to dismiss all counts of the complaint (Dkt. 36) with supporting memorandum (Dkt. 37) which is now before the Court. On March 18, 1996, Plaintiff filed a response to motion to dismiss by Defendants (Dkt. 55).
Plaintiff's complaint asserts: 1) Defendants Cohig and Signer conspired with other named Defendants to perpetrate a fraud on USEC-FL; 2) Defendant Signer, as representative of Defendant Cohig, knowingly misrepresented to USEC-FL that $8.4 million existed in cash accounts for the use and benefit of USEC-FL; 3) USEC-FL relied on this and other misrepresentations by Defendant Signer in liquidating an additional $1,087,226.00 million of USEC-FL's security assets; 4) Defendant Signer knowingly misrepresented that $9.5 million dollars existed in cash accounts for the use and benefit of USEC-FL; 5) the cash accounts represented to USEC-FL by Defendant Signer never contained any amount near that which was represented; and 6) Defendants Cohig and Signer dissipated what funds were actually in the account for the use of Wilson and Long without regard to USEC-FL's interests.
Defendant Cohig and Defendant Signer (collectively Defendants) move to dismiss six (6) counts of the forty-nine (49) count complaint under Fed.R.Civ.P. 9(b) and Fed. R.Civ.P. 12(b)(6). As to Rule 9(b), Defendants assert Plaintiff failed to allege fraud with the required particularity to uphold an action under: 1) Count V (Federal Securities Fraud), Count XXI (Common Law Fraud) and Count XIII (State Securities Fraud) because Plaintiff failed to allege a material misstatement or omission indicating intent to deceive or defraud "in connection with" the purchase or sale of a security; and 2) Count XXXVII (Federal Civil RICO) because there are no facts specifically linking Defendants to the creation of the scheme.
As to Rule 12(b)(6), Defendants assert that Plaintiff failed to allege claims upon which relief can be granted by law to uphold an action under: 1) Count VIII (State Securities Fraud), Count XXI (Common Law Fraud), Count XXIX (Conversion), Count XXXVII (Federal Civil RICO), and Count XLV (Conspiracy) because the economic loss doctrine bars recovery; 2) Count V (Federal Securities Fraud) and Count XIII (State Securities Fraud) because the alleged misrepresentations do not concern the nature or value of the securities "themselves" and therefore do not satisfy the "in connection with" requirement; 3) Count V (Federal Securities Fraud) and Count XIII (State Securities Fraud) because USEC-FL lacks privity to sue Defendant Signer and there is no causal connection between Defendants' actions and the loss suffered by USEC-FL; 3) Count XXIX (Conversion) because the subject of the count concerns "fungible" monies and no "demand" is alleged; and 4) Count XXXVII (Federal Civil RICO) because Plaintiff has not alleged two (2) predicate acts by Defendants and there is no direct causal link between the alleged misrepresentations and the damages suffered by USEC-FL.

DISCUSSION FEDERAL RULE OF CIVIL PROCEDURE 9(b)

COUNTS V, XII, XXI
The purpose of Fed.R.Civ.P. 9(b) is to ensure that the allegations of fraud are specific enough to provide sufficient notice of the acts complained so that Defendants will be able to respond effectively, eliminate those complaints filed as a pretext for discovery of unknown wrongs, and to protect Defendants from unfounded charges of wrongdoing that injure their reputation. McDonough v. Americom International Corporation, 151 F.R.D. 140, 141 (M.D.Fla.1993) (citing Viscomi v. Paine, Webber, Jackson & Curtis, Inc. 596 F.Supp. 1537, 1539 (S.D.Fla. 1984)). However, the complaint need only provide a reasonable delineation of the underlying acts and transactions allegedly constituting the fraud. In re Checkers Sec. Lit., 858 F.Supp. 1168, 1175 (M.D.Fla.1994).
Defendants assert that Plaintiff USEC-FL's action under Count V (Federal Securities Fraud), Count XIII (State Securities Fraud), Count XXI (Common Law Fraud), and Count XXXVII (Federal Civil RICO) should be dismissed for failure to allege *754 fraud with the required particularity because Plaintiff's allegations under the Securities Exchange Act § 10(b) and Rule 10(b)(5) have failed to allege "material misstatements or omissions indicating an intent to deceive or defraud `in connection with' the purchase or sale of a security".
In McDonough, this Court stated that in a securities context, "[A] court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of Rule 9(b) with the broader policy of notice pleadings." 151 F.R.D. at 141 (citing Friedlander v. Nims, 755 F.2d 810 (11th Cir.1985) (stating that Rule 9(b) must not be read to abrogate the notice pleading requirements of Rule 8)). Additionally, this Court noted that the clear intent of Rule 9(b) is to eliminate fraud actions in which all the facts are learned through discovery. Id. (emphasis added).
To state a cause of action under § 10(b) and Rule 10(b)(5), Plaintiff must only plead that the Defendant made or caused to be made a material misstatement or omission in a document filed with the Securities Exchange Commission and that the Plaintiff relied on that misstatement or omission. Spivey v. Board of Church Extension and Home Mission of the Church of God, No. 94-1360-CIV-T-17A, 1995 WL 350269, at *3 (M.D.Fla. June 8, 1995) (citing Magna Investment Corp. v. John Does One Through Two Hundred, 931 F.2d 38 (11th Cir.1991)). An inferential allegation of reliance is sufficient to defeat a motion to dismiss for failure to state a claim. McCarthy v. Barnett Bank of Polk County, 750 F.Supp. 1119, 1126 (M.D.Fla.1990).
Plaintiff's complaint alleges that a scheme as to all of the Defendants was perpetuated against USEC-FL. Specifically, Plaintiff alleges: 1) that Defendants Cohig and Signer made false statements of fact to USEC-FL that $8.4 million worth of treasury securities would be or had been placed in a cash account; 2) the cash account was for the benefit of USEC-FL, and that the money was to be available to USEC-FL; 3) that USEC-FL acted in reliance on the alleged misstatements by causing $1,087,226.00 of additional assets to be liquidated for the purchase of additional treasury securities; 4) Defendant Signer knew that the representations were false; and 5) the misrepresentations were material because they caused USEC-FL to liquidate additional assets. Therefore, Plaintiff's complaint sufficiently states a cause of action under § 10(b) in accordance with Fed.R.Civ.P. 9(b).
Defendants acknowledge that Count XIII (State Securities Fraud) and Count XXI (Common Law Fraud) are premised upon the violations alleged in Count V (Federal Securities Fraud). As such, Defendants do not make independent arguments as to these Counts. Thus, this Court's finding that a cause of action is sufficiently plead under Count V (Federal Securities Fraud) necessarily means a cause of action is sufficiently stated under the equally and less restrictive Count XIII (State Securities Fraud) and Count XXI (Common Law Fraud).

COUNT XXXVII
Defendants argue that the RICO allegations should also be dismissed because RICO requires the allegations to be set forth with same particularity as fraud and Plaintiff's complaint fails to link them to the creation of the scheme allegedly perpetrated on USEC-FL.
Defendants acknowledge that Plaintiff incorporates by reference allegations of fraud against all Defendants. Defendants also acknowledge that the acts of fraud are alleged as predicate acts in support of a RICO action.
Incorporation by reference is proper pleading. Spivey, No. 94-1360-CIV-T-17A, 1995 WL 350269, at *4. Further, "Defendants need not personally commit the predicate acts provided that there is adequate evidence to connect the Defendants to the scheme." Id. at *6. A cause of action under the RICO Act requires the same particularity that is required in pleading fraud due to the nature of the charge. Taylor v. Bear Stearns & Co., 572 F.Supp. 667 (N.D.Ga.1983); Hellenic Lines, Ltd. v. O'Hearn, 523 F.Supp. 244 (S.D.N.Y.1981).
This Court determined a cause of action was sufficiently stated under Federal, State, *755 and Common Law fraud, supra. Thus, as the standard for pleading the underlying acts of fraud, which acts are also alleged as the predicate acts in support of the RICO action, is the same as the standard for pleading RICO action, the Court determines that a cause of action is sufficiently stated to support a RICO claim. Therefore, Defendants' motion to dismiss Count V (Federal Securities Fraud), Count XIII (State Securities Fraud), Count XXI (Common Law Fraud), and Count XXXVII (RICO) based on failure to plead with particularity in accordance with Fed.R.Civ.P. 9(b) and the RICO Act is without merit.

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)
Defendants assert that Plaintiff has failed to state a claim upon which relief can be granted because: 1) Plaintiff's actions under State Securities Fraud (Count VIII), Common Law Fraud (Count XXI), Conversion (Count XXIX), Federal Civil Rico (Count XXXVII), and Conspiracy (Count XLV) are barred by the economic loss doctrine; 2) Plaintiff's actions under Federal Securities Fraud (Count V) and State Securities Fraud (Count XIII) do not allege material misstatements or omissions indicating an intent to deceive or defraud "in connection with" the purchase or sale of a security; 3) Plaintiff's Conversion action (Count XXIX) should fail because Plaintiff's claim concerns "fungible" monies; and 4) Plaintiff's RICO action (Count XXXVIII) fails to allege a direct causal connection between any alleged misrepresentations of Defendant Signer, on behalf of Defendant Cohig, and the damages suffered by Plaintiff.

ECONOMIC LOSS DOCTRINE
The economic loss doctrine holds that actions in tort for purely economic damages cannot lie without accompanying personal injury or property damage. Anthony Distributors, Inc. v. Miller Brewing Company, 904 F.Supp. 1363, 1366 (M.D.Fla.1995) (citing Florida Power & Light v. Westinghouse Electric Corp., 510 So.2d 899 (Fla. 1987)). Thus, where the facts surrounding a breach of contract action are indistinguishable from an alleged tort, and where the alleged tort does not cause harm distinct from that caused by the breach of contract, a plaintiff is barred from bringing a separate tort action. Id. (citing Serina v. Albertson's Inc., 744 F.Supp. 1113 (M.D.Fla.1990)). However, actions independent of the breach of contract, including fraud, are not barred by the economic loss doctrine. Pulte Home Corp. v. Osmose Wood Preserving, Inc., 60 F.3d 734, 742 (11th Cir.1995) (finding however, that appellant did not show elements necessary to prove fraud); Sfc Valve Corp. v. Wright Mach. Corp., 883 F.Supp. 710 (S.D.Fla.1995).
Defendant Cohig and Defendant Signer assert that their relationship with Defendant Debenture was contractual in nature and that Plaintiff alleges no personal injury or property damage independent of that contract. Thus, Defendants assert that Plaintiff's actions under Count VIII (State Securities Fraud), Count XXI (Common Law Fraud), Count XXIX (Conversion), Count XXXVII (Federal Civil RICO), and Count XLV (Conspiracy) are barred by the economic loss doctrine.
Counts VII, XXI, and XXXVII are actions based in fraud. Defendants argue that the Florida Supreme Court's ruling in Casa Clara v. Charley Toppino & Sons, 620 So.2d 1244 (Fla.1993), bars actions based in fraud in accordance with the economic loss doctrine where the nucleus of the action is one in contract. However, the Eleventh Circuit Court of Appeals considered Florida's economic loss doctrine annunciated in Casa Clara in Pulte Home Corp. v. Osmose Wood Preserving, Inc., 60 F.3d 734, 739-744 (11th Cir.1995), and specifically found that the economic loss doctrine does not preclude a claim for damages occasioned by an independent tort, including fraud in the inducement of a contract. Id. at 742. Plaintiff asserts such fraud. Therefore, Plaintiff's actions based in fraud are not barred by Florida's economic loss doctrine.
Additionally, Defendants assert that Count XLV (Conspiracy) cannot stand because the underlying fraud claims are the basis for the conspiracy and the underlying fraud claims must be dismissed in accordance with the *756 economic loss doctrine. As the Court determines that the underlying fraud claims are not barred by the economic loss doctrine, the conspiracy claim necessarily survives this challenge.
Finally, Defendants assert that Count XXIX (Conversion) may not lie where the relationship is contractual in nature. Gambolati v. Sarkisian, 622 So.2d 47, 49 (Fla. 4th DCA 1993). This Court held that where there is a possibility that the Defendant's actions were outside the scope of the agreement, an action in conversion is not barred by the economic loss doctrine. Lajos v. duPont Publishing, Inc., 888 F.Supp. 143, 146 (M.D.Fla.1995). In light of the standard with which this Court must view Plaintiff's complaint and the fact that the entirety of Defendants' argument in this regard consists of the one sentence statement of the holding in Gambolati, this Court allows Plaintiff's conversion action to go forward.

Federal Securities Fraud (Count V) and State Securities Fraud (Count XIII)
Defendants assert that Count V (Federal Securities Fraud) and Count XIII (State Securities Fraud) must be dismissed because Plaintiff failed to allege material misstatements or omissions indicating an intent to deceive or defraud "in connection with the purchase or sale of a security." The Eleventh Circuit has held that a Plaintiff must plead that the Defendant made or caused to be made a material misstatement or omission in a document filed with the SEC and that Plaintiff relied on that misstatement or omission to state a cause of action under § 10(b). Magna Investment Corp. v. John Does One Through Two Hundred, 931 F.2d 38 (11th Cir.1991). Additionally, the Eleventh Circuit held that, "For the `in connection with' requirement to be satisfied it is enough that the fraud `touch' the sale [or purchase] in some manner." Rudolph v. Arthur Andersen & Co., 800 F.2d 1040, 1046 (11th Cir. 1986) (citing Superintendent of Insurance v. Bankers Life & Casualty Co., 404 U.S. 6, 12-13, 92 S.Ct. 165, 168-69, 30 L.Ed.2d 128 (1971)).
Plaintiff alleges that the misrepresentations of Defendants caused USEC-FL to liquidate $1,087,226.00 for the purchase of additional securities. The Court determines that this is sufficient to meet the "in connection with" requirement established in Rudolph. Again, Defendants acknowledge that Plaintiff's state securities fraud claim parallels Plaintiff's § 10(b) claim. Thus, both actions survive this motion to dismiss.
Citing Joseph v. Farnsworth Radio & Television Corp., 99 F.Supp. 701 (S.D.N.Y. 1951), aff'd. 198 F.2d 883 (2d. Cir.1952), Defendants further allege that Plaintiff lacks standing to sue under § 10(b), and similarly, state securities fraud, because there is no privity between Defendants and Plaintiff. However, in Joseph, the court stated that only a "semblance of privity" in connection with the improper act is required. Id. at 706. Further, this Court held that a Defendant may be liable for not only selling a security but for making a statement or otherwise causing someone to purchase a security. McCarthy v. Barnett Bank of Polk County, 750 F.Supp. 1119 (M.D.Fla.1990).
Although the contract in question was between USEC-FL and Debenture, Plaintiff alleges that Defendants made a material misrepresentation regarding the amount in a cash account for the benefit of USEC-FL causing Plaintiff to liquidate assets for the purchase of additional securities. Taking Plaintiff's allegations as true, the misrepresentation on the part of the Defendants is at least sufficient to create a semblance of privity under the reasoning in Joseph and certainly meets the standard annunciated by this Court in McCarthy. Thus, Plaintiff's Federal Securities Fraud and State Securities Fraud are not dismissed for lack of standing.
Finally as to Plaintiff's Federal and State Securities Fraud allegations, Defendants assert that Plaintiff has not established a sufficient causal link between the alleged misrepresentations and Plaintiff's loss. To sustain a § 10(b)(5) action, Plaintiff must show that the misrepresentations were reasonably, directly or proximately the cause of Plaintiff's loss. Huddleston v. Herman & MacLean, 640 F.2d 534, 544 (5th Cir.1981), *757 aff'd in part, rev'd in part, 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983).
The complaint alleges that based upon Defendants' misrepresentations, USEC-FL liquidated additional investment assets and transferred the money to Defendant Debenture in order to increase the cash account held for USEC-FL by Defendants. The complaint further alleges that the money from the liquidated assets was dissipated by Defendants Wilson and Long, alleged co-conspirators of Defendants Cohig and Signer. In summary, Plaintiff's complaint alleges Defendants Cohig and Signer made material misrepresentations, upon which they relied, and causing them at least a loss of the additional liquidated assets. Therefore, Plaintiff's complaint sufficiently alleges a causal link between Defendants Cohig and Signer to support the securities fraud claims.

CONVERSION
Defendants assert Count XXIX (Conversion) should be dismissed for failure to state a claim for which relief can be granted because an action for conversion does not lie where claims concern the taking of "fungible" monies. Kee v. National Reserve Life Insurance Co., 918 F.2d 1538, 1541 (11th Cir.1990). To be a proper subject of conversion each coin or bill need not be earmarked, but there must be an obligation to keep intact or deliver the specified money in question so that the money can be identified. Belford Trucking Co. v. Zagar, 243 So.2d 646 (Fla. 4th DCA 1970). Money is capable of identification where it is delivered at one time, by one act and in one mass. Belford at 648.
Plaintiff's complaint alleges that approximately $1.1 million was delivered "at one time" based on the misrepresentations of Defendants. Further, that Defendants never received this money from Defendant Debenture but nevertheless represented to USEC-FL that the amount in their cash account had increased by that amount. Thus, at least the $1.1 million of USEC-FL's money is identifiable and therefore, subject to a conversion claim.
Additionally in this regard, Defendant alleges that Plaintiff failed to allege it had an immediate right to possession of the property and that Plaintiff failed to issue a demand to Defendants for the property. Here, Plaintiff alleges that Defendants deprived USEC-FL of its money by misrepresenting their account balance in the amount of the liquidated asset deposit when Defendants allegedly knew that the money was in fact not in the account.
The essence of conversion is not the acquisition of the property; rather, it is the wrongful deprivation. Marine Transportation Services Sea-Barge Group, Inc. v. Python High Performance Marine Corp., 16 F.3d 1133, 1140 (11th Cir.1994). Further, it is unnecessary to prove a demand and refusal where conversion can otherwise be shown. Senfeld v. Bank of Nova Scotia Trust Co., 450 So.2d 1157, 1161 (Fla. 3d DCA 1984). The Court finds: 1) that the money allegedly converted is sufficiently identifiable to withstand a motion to dismiss; 2) that Plaintiff sufficiently alleges Defendant's conduct caused the loss; and 3) Plaintiff need not allege a demand as the conversion can otherwise be shown.

FEDERAL CIVIL RICO
Defendants allege that the Federal Civil RICO (Count XXXVII) allegations should be dismissed for failure to state a claim. Defendants contend: 1) Plaintiff is without standing to sue based on RICO because Plaintiff alleges no sufficient business or property injury; 2) Defendants Cohig and Signer are not specifically enumerated as actors in the predicate acts constituting the requisite pattern; and 3) there is no alleged direct causal link between the alleged misrepresentations of Defendants and the damages suffered by USEC-FL.
It is unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity as defined in 18 U.S.C. § 1961(1) and ('504 patent). 18 U.S.C. 1962(c). A pattern of racketeering activity is *758 one requiring at least two acts of a racketeering activity listed in § 1961(1). 18 U.S.C. § 1961 ('504 patent).
A plaintiff has standing to sue only if he has been injured in his business or property by the conduct constituting the violation. Sedima S.P.R.L. v. Imrex Co., 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). Additionally, a Plaintiff only has standing to sue under § 1964(c) if his injury flowed directly from the commission of the predicate acts. Morast v. Lance, 807 F.2d 926, 933 (11th Cir.1987).
Plaintiff's complaint asserts: 1) Defendants committed two (2) acts of mail fraud or wire fraud in communicating the misrepresentations to USEC-FL; 2) Plaintiff lost property, namely, money; and 3) USEC-FL's actions in reliance on the alleged misrepresentations caused the loss of money, and thus injury. Therefore, this Court finds Plaintiff established a cause of action under federal civil RICO statutes sufficient to survive a motion to dismiss.

CONCLUSION
For the reasons stated above, this Court finds Defendants Cohig and Signer's motion to dismiss the counts against them for failure to comply with the particularity of pleading requirements under Fed.R.Civ.P. 9(b) and for failure to state a claim for which relief can be granted in accordance with Fed. R.Civ.P. 12(b)(6) is without merit. Accordingly, it is
ORDERED that Defendants' motion to dismiss (Dkt. 36) be DENIED and the Defendants SHALL HAVE ten (10) days from this date to answer the complaint.
DONE AND ORDERED.