Judith McLERNON, et al., Plaintiffs,

v.

SOURCE INTERNATIONAL, INC., et al., Defendants.

No. 85–C–1427.

United States District Court,
E.D. Wisconsin.

June 30, 1988.

Thomas Tobin, Paul B. Episcope, and Anthony S. DiVincenzo, Campbell & DiVincenzo, Chicago, Ill., for plaintiffs.

James D. Larsen, Green Bay, Wis., pro se.

Roger J. Nuernberg, Appleton, Wis., pro se.

Wayne E. Babler, Jr., Mark A. Kircher, Quarles & Brady, Milwaukee, Wis., for Source Securities, Source Intern., Great Western Securities, Kay Bair, Rodney Williams, Vernon Gwynne, Sue Paden, Richard Guy and Robert Treadaway.

Thomas J. Arenz, Ross A. Anderson, Frisch, Dudek & Slattery, Milwaukee, Wis., for Paul Mongin.

William Aune, Sturgeon Bay, Wis., pro se.

James T. Murray, Jr., Peterson, Johnson & Murray, S.C., Milwaukee, Wis., for Robert Dvorak, Richard Wirth, Norbert Urban, John Haase, Chester Lawicki, John Leonard, Betty Gould, Hibbard Engler and Robert Hurlbutt.

Tim R. Anderson, Middleton, Wis., pro se.

Jerome H. Block, Appleton, Wis., for Valerie Myse.

Challoner McBride, McBride & Cote, Sturgeon Bay, Wis., for Colleen Cote.

James Howard, Paul Erickson, Zirbel, Howard & Malone, S.C., Milwaukee, Wis., for Sharon Nejedlo, Jack Kosloske (Jack Koloske), Charles Wood (Dal Wood) and David Edwards.

Stephen L. Morgan, Christine Schneider, Murphy & Desmond, S.C., Madison, Wis., for First Affiliated Securities (FAS), Kenneth Elsberry, Richard Woltman, Jack Alexander, J. Donald Hill and J. David Markley.

Burton A. Strnad, Milwaukee, Wis., for Patricia Klitzke.

Dwight D. Darrow, Gruhle, Fessler, Van De Water & Darrow, Sheboygan, Wis., for Joseph Miller.

## DECISION AND ORDER

STADTMUELLER, District Judge.

More than 300 individual plaintiffs commenced this securities fraud lawsuit in the fall of 1985 and then filed an amended complaint, ostensibly as a class, on March 14, 1986. The case was transferred to this court by Judge Terence T. Evans on November 4, 1987 following my appointment to the federal bench. Most of the more than 40 defendants have filed motions to dismiss the majority of the 15–count, 365 paragraph amended complaint.

In a nutshell, the amended complaint alleges that between approximately April 1, 1982 and October 4, 1984, defendants fraudulently induced plaintiffs to purchase unregistered securities—specifically, corporate and mortgage notes issued by the Newman Companies. It is also alleged that some plaintiffs bought mortgage notes as early as 1980. Plaintiffs who purchased securities prior to August 30, 1983 apparently did so through First Affiliated Securities, Inc. (FAS), Newman's broker-dealer at

that time. FAS was replaced as Newman's broker-dealer by Source Securities, Inc. (Source) beginning on or about August 30, 1983. It appears that a number of plaintiffs purchased securities after that date through Source. Plaintiffs allege that defendants induced them to purchase the securities by various misrepresentations, both written and oral. The allegations are brought against Newman, FAS, Source, their officers and directors and numerous salespersons.

## JOINDER

Plaintiffs purport in their amended complaint to proceed as a class (¶¶ 13–19). However, they did not file a motion to certify the class, though Judge Evans' May 12, 1987 order established a period within which they could do so. Their brief in opposition to defendants' motions to dismiss affirmatively states that they do not seek class certification.

Plaintiffs instead have joined as individuals in the prosecution of this lawsuit. Most of the defendants oppose joinder under Fed.R.Civ.P. 20(a). Rule 20(a) states in relevant part as follows:

> (a) **Permissive Joinder.** All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question or fact common to all these persons will arise in the action.

■ Courts have adopted a flexible, case-by-case approach to determine whether a particular factual situation constitutes a single transaction or series of transactions for purposes of Rule 20(a). The ultimate question is whether the claims of the various plaintiffs are "logically related." *See* 7 C.A. Wright, A.R. Miller & M.K. Kane *Federal Practice and Procedure,* § 1653 p. 382 (2d ed. 1986).

■ Rule 20(a) also requires that there be a question of law or fact common to all plaintiffs. Cases construing the parallel requirement under Fed.R.Civ.P. 23(a) provide a helpful framework for construing the commonality required by Rule 20.

*Mosley v. General Motors Corporation,* 497 F.2d 1330, 1334 (8th Cir.1974). In the securities context, courts have found the requisite commonality where alleged misrepresentations are uniform as to all class members, even if reliance and damages are unique to each plaintiff. In the absence of uniform misrepresentations, courts have generally denied class action status. For example, there is insufficient commonality where individual plaintiffs were subjected to different oral misrepresentations during separate conversations with defendants. *See* 3B J. Moore, ¶ 23.46.

■ Plaintiff's amended complaint is inadequate to establish that plaintiffs' claims are logically related and share a common issue of fact. It is vaguely suggested that all plaintiffs relied upon certain misrepresentations and omissions in newspaper advertisements, brochures, television appearances and personal correspondence. But it is not clear that these misrepresentations are part of all plaintiffs' claims. Indeed, other portions of the amended complaint indicate that some plaintiffs' claims arise out of oral misrepresentations not made to other plaintiffs (¶¶ 73–80). Moreover, ¶¶ 69 and 71 allege that advertisements were simply used to induce plaintiffs to phone a Newman Company representative, at which point each plaintiff may have been persuaded by representations made only to them.

Despite these ambiguities, I am not inclined at this stage to order severance of plaintiffs. Such a ruling would expose defendants and the already over-burdened judiciary to perhaps hundreds of individual lawsuits, which may ultimately prove to be sufficiently related to justify joinder. Therefore, plaintiffs will be required to file a more definite statement of their claims (a procedure to which they apparently have no objection, *see* Pl. br. p. 8, n. 3) if they wish to pursue their misrepresentation claims in unison.

■ In order to satisfy Rule 20(a), they must allege that their claims arise from one or more uniform misrepresentations. To do so, they must specifically identify which representations and/or omissions, if

any, were made to *all* plaintiffs. If the representation was written, the writing in which the representation appeared and the date of publication must be set forth. That plaintiffs' claims may be premised on oral misrepresentations does not preclude joinder, provided plaintiffs allege that the substance of the oral representations was standardized (e.g., if sales persons were directed to make a standardized "pitch" for Newman's securities). Those plaintiffs whose claims arise out of representations not made to other plaintiffs must be specifically identified and will be subject to severance.

■ The FAS defendants also contend that their joinder with the Source defendants is inappropriate given that each company operated as Newman's broker-dealer during distinct time periods. The argument is not without merit. Nonetheless, severance of defendants is not warranted at this juncture. It may be that a number of plaintiffs have claims against both FAS and Source. Severance would require those plaintiffs to prosecute two separate lawsuits. In addition, if plaintiffs can establish that all were duped by a common misrepresentation, the claims against the two broker-dealers would appear to be sufficiently related to justify joinder.

## STATUTE OF LIMITATIONS

Most of the defendants have filed motions to dismiss various counts of the amended complaint on the ground that the claims are time-barred. Two points must be made at the outset.

First, defendants argue that the timeliness of plaintiffs' action should not be based on the date the original complaint was filed (October 4, 1985). Rather, defendants contend the relevant benchmark is March 14, 1986, the date the amended complaint was filed. They further urge that the amended complaint does not relate back to the initial filing.

Fed.R.Civ.P. 15(c) provides that an amended complaint relates back if it "arose out of the conduct, transaction or occurrence set forth *or attempted to be set forth* in the original pleading...." (emphasis added). There is no question that the amended complaint arose out of the conduct and transactions set forth in the original complaint. Plaintiffs allege in both pleadings that they were fraudulently induced to purchase unregistered Newman Company securities between 1980 and 1984. It is true that the original complaint is not as particularized as the amended version. But, as the highlighted language in Rule 15 suggests, mere amplification of the details of the transactions does not alter the essential nature of the conduct at issue. Neither is the addition of new legal theories of consequence where, as here, the original complaint gave defendants adequate notice of the conduct and transactions that gave rise to the new claims. Since all of the moving defendants were named as defendants in the original complaint, they cannot feign ignorance of its allegations. *See generally* 6 C. Wright, A. Miller *Federal Practice and Procedure*, § 1497 (1971) and the 1987 supplement thereto, at pp. 252–253 (distinguishing cases cited by FAS).

Second, plaintiffs bear the burden of pleading and proving facts showing that their claims were filed within the limitations period established by the Securities Act of 1933. *See Cook v. Avien, Inc.*, 573 F.2d 685, 695 (1st Cir.1978).

*Count 1*

Count 1 alleges that defendant sold unregistered securities in violation of § 12(1) of the 1933 Act, 15 U.S.C. § 77*l*(1). Section 13 of the Act, 15 U.S.C. § 77m, establishes the applicable statute of limitations. It states in its entirety as follows:

No action shall be maintained to enforce any liability created under § 77k or § 77*l* (2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, or, *if the action is to enforce a liability created under § 77l (1) of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under § 77k or 77l (1) of this title more than three years after the security was bona fide offered to the public,* or under § 77*l*

(2) of this title more than three years after the sale. (emphasis added)

It has been held that the one and three-year limitation periods in § 13 are to be read cumulatively, rather than alternatively. *See Stone v. Fossil Oil & Gas,* 657 F.Supp. 1449, 1456 (D.N.M.1987). Thus, plaintiffs' § 12(1) action must have been filed both within one year of the violation *and* within three years after the securities were bona fide offered to the public.

Paragraph 135 of the amended complaint alleges that the first bona fide offering of the corporate and mortgage notes was made on October 18, 1982. However, it is also alleged that some plaintiffs purchased mortgage notes in 1980 and others purchased corporate notes beginning on April 1, 1982. Notwithstanding these apparent inconsistencies, I will assume for the time being that the first bona fide offer occurred on October 18, 1982. This action was filed on October 4, 1985, within the three-year limitation period.

It remains to be determined whether the action was filed "within one year after the violation upon which it is based." The one-year limitations period commences on the date defendants sold unregistered securities by means of interstate commerce. *See* 15 U.S.C. § 77e(a); *Raiford v. Buslease, Inc.,* 825 F.2d 351, 353–54 (11th Cir.1987). Giving broad effect to the language in the 1933 Act, as is required, an unregistered security is "sold" for purposes of § 12(1) liability when the last integral act of sale is completed, including payment for and delivery of the securities. *Raiford,* 825 F.2d at 355; *Stone,* 657 F.Supp. at 1456. In this case, any sale completed prior to October 4, 1984 is time barred.

Count 1 alleges that "a number of the named plaintiffs" purchased and/or took delivery of corporate and mortgage notes on or after October 4, 1984 (¶¶ 131 to 134). Those claims are timely. However, the natural inference from plaintiffs' allegation is that some plaintiffs did *not* purchase or take delivery of their securities within the one-year limitation period. In fact, the amended complaint strongly suggests that sales to the vast majority of plaintiffs were completed more than one year before this lawsuit was filed.

Plaintiffs urge that the timing of the actual sales is irrelevant because defendants fraudulently concealed the necessity that the securities be registered. They contend that the statute of limitations was tolled until they discovered the violation, on or about October 18, 1984 (with respect to the corporate notes) and sometime in January 1985 (with respect to the mortgage notes). Plaintiffs' argument cannot be sustained.

Section 13 of the Act, *supra,* contains no discovery rule for actions brought under § 12(1) for the sale of unregistered securities. Section 13 does, however, explicitly create a discovery rule for § 12(2) actions alleging the fraudulent sale of securities. The logical conclusion is that Congress intended to prohibit application of a discovery rule to § 12(1) claims. The better reasoned authority so holds. *See Stone,* 657 F.Supp. at 1457 and cases cited there.

Based on the above analysis, it appears that most of plaintiffs' § 12(1) claims were filed beyond the statute of limitation. The ambiguity of the amended complaint, however, makes it impossible to identify those claims. Because plaintiffs bear the burden of pleading compliance with § 77m, they will be required to file a more definite statement alleging the date that the last integral act of sale was completed as to each security purchased by each plaintiff.

*Count 2*

Count 2 alleges that defendants fraudulently induced plaintiffs to purchase corporate and mortgage notes by making material false statements and omissions in communications to plaintiffs. Liability for such conduct is created under § 12(2) of the Act, 15 U.S.C. § 77*l*(2). The statute of limitation for § 12(2) actions, *supra,* requires that the action be filed within one year of discovery of the misrepresentation and in no event more than three years after sale of the security. It appears that some plaintiffs purchased securities prior to October 4, 1982. Those claims, once identified, must be dismissed.

Regarding sales which occurred after October 4, 1982, the question is whether plaintiffs discovered, or should have discovered, the alleged misrepresentations more than one year before filing suit. Paragraph 169 states that plaintiffs did not discover and, in the exercise of reasonable diligence, could not have discovered the alleged fraud until January 1985. Some defendants object that plaintiffs are required to plead their failure to discover with greater particularity.

At least two types of fraudulent behavior toll a statutory period. *See Tomera v. Galt*, 511 F.2d 504, 510 (7th Cir.1975). One type goes undiscovered even though the defendant does nothing to conceal it and the plaintiff has diligently inquired into its circumstances. The other type goes undiscovered because the defendant takes positive steps to keep the fraud concealed. *Id.* A claim that a defendant purposely concealed fraudulent conduct must be stated with the particularity generally required in fraud claims.

 Count 2 of the amended complaint does not allege that defendants concealed their fraud. Plaintiffs instead simply allege that they were not and could not have become aware of it, despite the exercise of reasonable diligence. While that allegation is sufficient, plaintiffs have the burden of proving that they exercised reasonable care and diligence in seeking to learn the facts which would disclose fraud. *Teamsters Local 282 Pension Trust Fund v. Angelos*, 815 F.2d 452, 456 (7th Cir.1987).

In summary, some of plaintiffs' claims may be dismissed because they were filed after expiration of the three-year "outside limit" on § 12(2) actions. Those claims will be revealed after plaintiffs file their statement alleging the dates of the relevant transactions. As to the remainder of the § 12(2) claims, I cannot say that they are not timely, based on plaintiffs' allegations regarding discovery of the fraud.

*Counts 4, 6, 7 and 8*

 Count 4 alleges a violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and the related SEC Rule 10(b)–5. It is established that the limitations period for state securities law violations applies to § 10(b) cases. *Teamsters Local 282 Pension Trust Fund v. Angelos*, 815 F.2d 452, 455 (7th Cir.1987). Counts 6 and 7 allege violations of the Wisconsin counterparts to § 12(1) of the 1933 Act and § 10(b) of the 1934 Act, Wis. Stat. § 551.21(1) and § 551.41(1)(2)(3). Count 8 alleges a violation of an order of the Wisconsin Securities Commissioner, as prohibited by Wis.Stat. § 551.59(1)(a). The relevant statute of limitations is found in Wis.Stat. § 551.59(5).

Prior to April 27, 1984, § 551.59(5) provided that no cause of action could be maintained:

> Unless commenced before the expiration of three years after the act or transaction constituting the violation or the expiration of one year after the discovery of the facts constituting the violation, whichever expires first....

The one-year discovery rule was eliminated on April 27, 1984.

Securities were purchased in this case from 1980 through October 18, 1984. As to claims relating to unregistered securities sold or misrepresentations made before April 27, 1984, plaintiffs were required to file a lawsuit before the expiration of the earlier of three years from the date of the violation or one year from the date they discovered the violation. As previously noted, plaintiffs allege that they did not discover any violation until after this suit was commenced.

Once again, it appears that the three-year limitations period may have expired on some plaintiffs' claims before suit was filed. Specifically, the suspect claims are those based on purchases or misrepresentations that occurred between 1980 and October 4, 1982. Those too will be revealed by a more definite statement.

As to claims relating to illegal sales or misrepresentations made after the amendment of the statute, there is no statute of limitations problem. Suit was filed within three years of any such violation.

### FED.R.CIV.P. 9(b)

 Defendants have also moved to dismiss counts 2, 4, 7 and 14 because they fail

to comport with Fed.R.Civ.P. 9(b), requiring that averments of fraud be stated with particularity. Defendants argue that plaintiffs were required and have failed to allege the specific misrepresentations they relied upon, when the misrepresentations were made and which defendants made them.

Rule 9(b) must be read in conjunction with Rule 8, which requires only a "short and plain statement of the claim." *Tomera v. Galt*, 511 F.2d 504, 508 (7th Cir.1975). The purpose is to insure that the defendant has been apprised of the fraud claim in a manner sufficient to permit the adequate framing of a responsive pleading.

I have already determined that plaintiffs cannot jointly pursue their misrepresentation claims unless they file a statement relating the specific, uniform misrepresentations relied upon. Plaintiffs will also be required for statute of limitations purposes to plead the date that each plaintiff completed his or her purchase of the securities at issue. In addition, defendants are entitled to know which plaintiffs assert claims against them. Therefore, plaintiffs must further identify, as to each plaintiff, the defendant who made any misrepresentation to him or her.

Defendants also attack other counts of the amended complaint, including claims for aiding and abetting (count 9), respondeat superior (count 10) and "controlling person" liability (counts 3 and 5). Those claims, as well as defendants' arguments, are dependent upon the viability of plaintiffs' claims under the securities laws and need not be separately considered.

Defendants' motion pursuant to Fed.R. Civ.P. 10(b) will also be denied in light of the anticipated filing of a more definite statement.

### RICO CLAIMS

Plaintiffs have alleged in two counts violations of RICO, 18 U.S.C. §§ 1962(a) and (d). Defendants have moved to dismiss those counts under Rule 9(b).

I find plaintiffs' RICO allegations sufficient in all but one respect. In particular, plaintiffs must include in their more definite statement a description of the contents of the communications listed in paragraphs 306–312 of the amended complaint.

### PERSONAL JURISDICTION OVER SOURCE INTERNATIONAL, INC.

■ Source International, Inc. has moved to be dismissed from the lawsuit on the ground that the court lacks personal jurisdiction over it. So long as a defendant has minimum contacts with the United States, § 27 of the 1934 Act confers personal jurisdiction over the defendant in any federal district court. *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1316 (9th Cir.1985) (citing 7th Cir. authority). Lack of contacts with the forum state is irrelevant, and defendant does not dispute its contacts with the United States. The motion will therefore be denied. The court will consider plaintiffs' state claims under its pendent jurisdiction.

### COUNT 1: EXEMPTION OF SECURITIES

Some of the defendants contend that count 1 fails to state a claim for relief because the securities at issue were not required to be registered under the "intrastate offering" exemption to the 1933 Act. The motion will be denied based on the (unauthenticated) exhibits attached to plaintiffs' brief. While plaintiffs' showing is ambiguous, I believe it raises an issue of fact that requires denial of defendants' motion.

### COUNT 11: CONSPIRACY

Defendants also seek dismissal of count 11. Count 11 alleges that Newman, Source and FAS conspired to violate federal and state securities laws. Defendants initially observe that count 10 ("Respondeat Superior and Apparent Agency Liability") identifies Source and FAS as the principals and employers of the Newman Company defendants. Defendants argue that count 11 cannot stand in light of the established rule that a principal cannot conspire with its agent. *See, e.g., Elbe v. Wausau Hospital Center*, 606 F.Supp. 1491, 1502 (W.D.Wis. 1985).

Counts 10 and 11 are fundamentally inconsistent. If plaintiffs prove the allegations of count 10, they cannot recover under count 11. I will construe the two counts as being brought in the alternative. Dismissal of one or the other must await proof at trial.

## NUERNBERG MOTION

Defendant Roger Nuernberg has filed a motion to dismiss or, in the alternative, for summary judgment as to all claims asserted against him. Attached to his motion is his own affidavit. It states that he never sold any of the securities that are the subject of this lawsuit and made no statement or otherwise caused another to purchase the securities. Plaintiffs have presented no evidence to rebut Mr. Neurnberg's showing. Nuernberg's motion, which I will treat as one for summary judgment, will therefore be granted.

## CONSOLIDATION

Some of the defendants have moved to consolidate this case with one involving essentially the same defendants but different plaintiffs, *Dickinson, et al. v. Source International, Inc., et al.*, 85–C–1427. Because plaintiffs in that case seek class certification, the motion will be denied.

While this decision does not dispose of any of plaintiffs' claims (except those against defendant Nuernberg), it is intended to send strong signals to plaintiffs' counsel. It is a virtual certainty that some of plaintiffs' claims were filed after the expiration of the various statutes of limitation. Those claims will be dismissed. It is also conceivable that some, if not all, of plaintiffs' claims are premised on unique misrepresentations. Those plaintiffs will be severed.

Knowing the court's intentions on these matters, it would be an extravagant waste of the court's and the parties' resources to plod through another round of motions under Rules 12 and 21 in order to identify what are likely to be obviously time-barred claims or obviously misjoined plaintiffs. It is the court's hope that this order will produce action voluntarily undertaken in the interest of bringing this case to a more speedy resolution.

In addition, it is a matter of some concern that this case is almost three years old and is still at the pleading stage. That should change, however, following this order. It is the court's position that the amended complaint, once supplemented as ordered, is adequate to permit those defendants who have not yet answered to frame responsive pleadings. Once the issues are joined discovery may proceed in earnest. A status conference will be held on Monday, September 12, 1988 at 8:30 A.M. for the purpose of entering a Rule 16 scheduling order.

Based on the foregoing,

IT IS ORDERED that defendant Roger Nuernberg's motion to dismiss or, in the alternative for summary judgment, be and the same is hereby GRANTED,

IT IS FURTHER ORDERED that plaintiffs' file on or before September 1, 1988 a more definite statement with respect to the following:

1. The specific representations and/or omissions made to all plaintiffs, as more fully described at page 4 of this order.

2. The date that the last integral act of sale was completed as to each security purchased by each plaintiff.

3. As to each plaintiff, the defendant who made any misrepresentation to him or her.

4. The contents of the communications listed in ¶¶ 306–312 of the amended complaint.

IT IS FURTHER ORDERED, in light of the requirement that plaintiffs file a more definite statement, that all of the motions to dismiss or for alternative relief filed by all of the defendants be and the same are hereby DENIED without prejudice.