Lynne M. AMMERMAN,
Plaintiff–Appellee,

v.

Robert SWEEN, Defendant–Appellant.

No. 94–3701.

United States Court of Appeals,
Seventh Circuit.

Submitted April 27, 1995 *.

Decided May 10, 1995.

Sharon Gisselman, Wausau, WI, for plaintiff-appellee.

Kevin P. Crooks, Crooks, Low & Connell, Wausau, WI, for defendant-appellant.

Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.

* Subsequent to the scheduling of oral argument for this case, the parties agreed that oral argument would not be necessary and requested that the appeal be submitted for decision based solely on the briefs and the record. See Fed.R.App.P. 34(f); Cir.R. 34(e). This court granted their request. Accordingly, the appeal is submitted on the briefs and the record.

CUMMINGS, Circuit Judge.

Robert Sween appeals from a jury award of $60,000 in compensatory and punitive damages to Lynne Ammerman for assault and battery as defined under Wisconsin tort law. The sole issue on appeal is whether the district court had subject matter jurisdiction over this state law claim. We affirm.

Ammerman worked as a micro lab instructor at North Central Technical College in Wausau, Wisconsin. In January 1994, she filed a complaint against her employer and Sween, another instructor at the college, raising several claims arising from Sween's alleged sexual assault of Ammerman on February 15, 1992 and the college's refusal to pursue remedial measures against Sween. Specifically, she alleged that both defendants were liable for sexual harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. Ammerman also raised state tort claims against both defendants for the negligent infliction of emotional distress and against Sween for assault and battery. In addition, she accused North Central Technical College of wage discrimination on the basis of sex in violation of the Equal Pay Act. See 29 U.S.C. § 206(d).

The district court dismissed the negligent infliction of emotional distress claim against North Central Technical College and the Title VII claim against Sween pursuant to Federal Rule of Civil Procedure 12(b)(6). Despite Sween's objection, the court retained supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over the remaining state tort claims because they were factually related to Ammerman's Title VII claim against the college. Subsequently, the negligent infliction of emotional distress claim against Sween was also dismissed. During trial, the court granted North Central Technical College's motion for judgment as a matter of law, see Fed.R.Civ.P. 50, and dismissed the Title VII claim. The jury then rendered a verdict on the remaining two claims, finding in favor of Ammerman on the assault and battery claim in the amount of $60,000 and against her on the wage discrimination claim.

On appeal, Sween does not argue that the district court erred in exercising its discretion to try the assault and battery claim once the other Title VII and state tort claims were dismissed; rather, he contends that subject matter jurisdiction over the state claim was never conferred upon the district court. This case, therefore, concerns the district court's power to hear state law claims rather than its discretionary exercise of that power. See Carnegie–Mellon University v. Cohill, 484 U.S. 343, 349, 108 S.Ct. 614, 618, 98 L.Ed.2d 720 (1988).

▮ In 1990, Congress codified the common law rules of pendent jurisdiction under the term "supplemental jurisdiction." 28 U.S.C. § 1367(a); see also Brazinski v. Amoco Petroleum Additives Company, 6 F.3d 1176, 1182 (7th Cir.1993). Section 1367(a) expressly encompasses both pendent claim and pendent party jurisdiction. Brazinski, 6 F.3d at 1181–82. The statute confers supplemental jurisdiction to the limits Article III of the Constitution permits, authorizing federal courts to hear all claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Accordingly, judicial power to hear both state and federal claims exists where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts. United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); Myers v. County of Lake, 30 F.3d 847, 850 (7th Cir.), cert. denied, ─── U.S. ───, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994); see also 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3567.3 (2d ed. 1984 & Supp.1994) (statute ratified and incorporated the Supreme Court's constitutional analysis in the Gibbs case). A loose factual connection between the claims is generally sufficient. 13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3567.1, at 117 (2d ed. 1984).

Sween argues that the Title VII and the assault and battery claims did not arise from a common nucleus of facts because it was not necessary to establish that the assault occurred as Ammerman alleged to prove that the college failed to take effective remedial action. His argument is rather incredible given his acknowledgment that Ammerman

needed to establish the college's failure to take *appropriate* remedial action to prove a Title VII claim.

An employer has a legal duty to take reasonable steps to discover and rectify acts of sexual harassment of its employees. *Baskerville v. Culligan International Co.*, 50 F.3d 428, 431–32 (7th Cir. Mar. 20, 1995). Reasonableness depends on the gravity of the harassment. *Id.* at 432–33 (stating in dicta that had the manager assaulted the female employee, due care might have required the company to fire the manager on the spot). Accordingly, Ammerman's factual allegations regarding the extent of the harassment by Sween were highly relevant to the determination of whether appropriate remedial action had been taken by the college. We are not persuaded by Sween's argument that the claims did not share a common nucleus of operative facts because the essential facts of the Title VII claim related to the college's actions following the alleged assault: without reference to the facts surrounding the assault, there could have been no sexual harassment claim against the employer. We hold, therefore, that the assault and battery claim was sufficiently connected to the Title VII claim against North Central Technical College to confer jurisdiction on the court to hear the state claim.

AFFIRMED.