The TRAVELERS INSURANCE
COMPANY, et al.,
Plaintiffs,

v.

INTRACO, INC., et al., Defendants.

INTRACO, INC., et al., Counterclaimants,

v.

The TRAVELERS INSURANCE
COMPANY, et al., Counterclaim
Defendants.

Civ. No. 4–95–cv–70337.

United States District Court,
S.D. Iowa,
Central Division.

Oct. 10, 1995.

H. Richard Smith, Richard G. Santi, Ahlers Cooney Dorweiler Haynie Smith & Allbee, Des Moines, IA, for Travelers Insurance Company.

Steven L. Nelson, David A. Tank, Davis Hockenberg Wine Brown Koehn & Shors, Des Moines, IA, for Intraco Incorporated and Cablevey Limited.

RULING ON DEFENDANTS' MOTION TO AMEND COUNTERCLAIM AND ADD DEFENDANTS TO COUNTERCLAIM OR, IN THE ALTERNATIVE, TO DISMISS AND MOTION TO AMEND ANSWER

WALTERS, United States Magistrate Judge.

The above motions are before the Court. The motion to amend counterclaim is resisted and discussed below. The motion to amend answer is unresisted and will be granted.

This is a declaratory judgment action involving an insurance coverage dispute. The occurrence in question is the subject of an action pending in the state of Alabama. The Travelers plaintiffs (hereinafter jointly referred to as "Travelers") seek a decree that the policy does not provide coverage for the occurrence. Defendants deny this and have counterclaimed for a declaratory judgment that it does and that Travelers has a duty to defend the claim. By the amendment to the counterclaim Intraco and Cablevey want to add the agents who sold the insurance policy, Brown Insurance Services, Inc. and Steven R. Brown (the Brown defendants) as counterclaim defendants. Fed.R.Civ.P. 13(h). They claim the Brown defendants represented to them they had coverage for the types of claims asserted in the Alabama action and accordingly, the Brown defendants are liable to them under theories of detrimental reliance, breach of contract and negligence if it is determined the Travelers' policy did not afford coverage. Defendants state their counterclaim against Travelers incorporates a claim that Travelers, as principal, is bound by the representations of the Brown defendants as agent.

The Court has original jurisdiction of the complaint through diversity of citizenship. 28 U.S.C. § 1332. Travelers is a non-Iowa corporation, Intraco and Cablevey are Iowa corporations. The Brown defendants are also Iowa citizens. Defendants seek to join the Brown defendants to the counterclaim pursuant to Federal Rule of Civil Procedure 20 and claim the court has supplemental jurisdiction under 28 U.S.C. § 1367(a). If the motion to amend counterclaim is denied, defendants argue the Brown defendants are indispensable and the action should be dismissed pursuant to Federal Rule of Civil Procedure 19(b).

Travelers resists the motion to amend counterclaim. It maintains the operative facts upon which its complaint depends, principally the terms of the policy, are different than the representations and failure to obtain insurance on which the claims against the

Brown defendants turn. Thus, Travelers argues, defendants are not entitled to permissive joinder under Rule 20 nor is there supplemental jurisdiction under Section 1367(a). Travelers also denies that the Brown defendants are indispensable parties.

Rule 20 provides in pertinent part:

All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

The Brown defendants may be joined to the counterclaim if defendants assert against them a right to relief arising out of the same transaction or occurrence as defendants' claim against Travelers, and some question of law or fact common to the claims against Travelers and the Brown defendants will present itself in the action.

■ The purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes thereby preventing multiple lawsuits." *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974). *See Pena v. McArthur*, 889 F.Supp. 403, 406 (E.D.Cal.1994). It is to be liberally construed to effectuate this end. *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 259 (8th Cir.1974). *See, e.g., Watson v. Blankinship*, 20 F.3d 383, 389 (10th Cir.1994). No hard and fast rules govern application of the rule. *Mosley*, 497 F.2d at 1333. The transaction and common question requirements of the rule are "flexible concepts" to implement its purpose. 7 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1653, at 389 [hereinafter "Wright & Miller"]. They should be "read as broadly as possible whenever doing so is likely to promote judicial economy." *Id.* Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Mosley*, 497 F.2d at 1333. *See* Wright & Miller § 1653, at 383.

The "transaction or occurrence" requirement, like the same language in Federal Rule of Civil Procedure 13(a), includes all logically related events. *Mosley*, 497 F.2d at 1333; *McLernon v. Source Int'l, Inc.*, 701 F.Supp. 1422, 1425 (E.D.Wis.1988); *Dougherty v. Mieczkowski*, 661 F.Supp. 267, 278 (D.Del. 1987). *See, e.g., Moore v. New York Cotton Exchange*, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926) (interpreting "transaction" within the meaning of former Equity rule 30 governing counterclaims as having a "flexible meaning" which includes occurrences having a "logical relationship.").

■ Applying these principles, the Court concludes that permissive joinder of the claims against the Brown defendants is proper. Though the Complaint and original Answer and Counterclaim do not delineate the factual basis of the parties' claims and defenses, from defendants' submissions in connection with the present motion and the proposed amendment to the counterclaim, it is apparent defendants will claim the Brown defendants, acting as agent of Travelers, made coverage representations which either bind Travelers to provide coverage or impose liability on the Brown defendants. Defendant's Brief at 1; Reply Brief at 2–3. *See Johnson v. United Investors Life Ins. Co.*, 263 N.W.2d 770, 772–3 (Iowa 1978); *Stockton v. Shelter General Ins. Co.*, 477 N.W.2d 872, 874 (Iowa App.1991).[1] Thus, the formation of the contract and the Brown defendants' representations in connection with it are logically related to the counterclaims against both Travelers and the Brown defendants. Similarly, there are common questions of law and fact in the claims asserted against Travelers and the Brown defendants. At issue in the claims against each are the representations made by the Brown defendants concerning the insurance coverage in question, their legal effect, and whether the Brown defendants were acting as agents of Travelers in connection with the representations.

As defendants characterize it, their counterclaim against Travelers is not solely for a favorable policy interpretation. If it were and the counterclaim against the Brown defendants was for breach of a separate agree-

---

1. Rule 20 includes a right to relief asserted alternatively against Travelers and the Brown defendants if the transaction and common question requirements are satisfied. Fed.R.Civ.P. 20(a). *Block Industries*, 495 F.2d at 258–59.

ment to provide coverage between the Brown defendants and Intraco and Cablevey, the question would be much closer because the Iowa Supreme Court has held such a claim does not arise out of the same transaction of occurrence as a declaratory judgment for policy interpretation. *See Sandbulte v. Farm Bureau Mut. Ins. Co.*, 343 N.W.2d 457, 463 (Iowa 1984). However, though defendants claim the Brown defendants negligently failed to obtain insurance coverage, all counts of the counterclaim against the Brown defendants are based in whole or part on the alleged representations by the Brown defendants that defendants had coverage for the types of claims asserted in the Alabama action, allegations which are also, under defendants' theory of the case, a basis of the counterclaim for declaratory relief against Travelers.

 The question remains whether there is supplemental jurisdiction under Section 1367(a). The parties recognize that whether the claims against Travelers and the Brown defendants "are so related to claims in the action within [the] original jurisdiction that they form part of the same case or controversy" is similar to the transaction and common question requirements of Rule 20(a). Indeed, the jurisdictional sweep may be broader than the rule. The statute merges both pendent claim and pendent party jurisdiction into the concept of "supplemental jurisdiction." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir.1995). Supplemental jurisdiction exists where the claims against the pendent and nonpendent parties "derive from a common nucleus of operative facts." *Id.* *See, e.g., Hoeck v. City of Portland*, 57 F.3d 781, 785 (9th Cir.1995). It has even been observed that "[a] loose factual connection between the claims is generally sufficient." *Ammerman*, 54 F.3d at 424. The essential question is whether the claims are so related that the parties would ordinarily be expected to resolve them in one judicial proceeding. *See Glaziers & Glassworkers Union Local 252 v. Newbridge Securities, Inc.*, 823 F.Supp. 1191, 1197 (E.D.Pa.1993). Unless the Court is prohibited from exercising sup-

plemental jurisdiction under subsection (b) of the statute, or has the discretion to decline jurisdiction under subsection (c), the Court must accept supplemental jurisdiction.[2] *McLaurin v. Prater*, 30 F.3d 982, 984–85 (8th Cir.1994). It follows from the Court's discussion of the related Rule 20(a) issue, that defendants' claims against Travelers and the Brown defendants derive in substantial part from a common nucleus of operative facts and are the type of claims which ought to be tried in one action.

As the joinder of the Brown defendants is permissible under Rule 20(a) and the Court has supplemental jurisdiction under Section 1367(a), the motion to amend counterclaim and add defendants is granted. This disposition makes it unnecessary to address defendants' alternative motion to dismiss on the ground the Brown defendants are indispensable parties under Federal Rule of Civil Procedure 19.

As noted, the motion to amend answer is granted.

IT IS SO ORDERED.

---

2. Subsection (b) prohibits claims by plaintiffs against joined parties that would defeat the principles of diversity jurisdiction. 28 U.S.C. § 1367(b). It is inapposite to defendants' coun-

terclaim. Nor do plaintiffs argue there is any ground to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).