**Angel KEEGAN, Plaintiff,**

v.

**BLOOMINGDALE'S INC., and Federated Department Stores, Inc., Defendants.**

**No. 96 C 5065.**

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 18, 1996.

---

2. Keep in mind, there are exceptions to the Eleventh Amendment's grant of immunity, but none of the exceptions apply here.

Robert Samuel Harlib, Chicago, Illinois, for Plaintiff.

Patricia Costello Slovak, John Joseph Lynch, Brittain, Sledz, Morris & Slovak, Chicago, Illinois, Robert P. Joy, and Allison B. Kaplan, Morgan, Brown & Joy, Boston, Massachusetts, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the Court on Plaintiff's motion to dismiss Defendants' counterclaim for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons discussed hereafter, Plaintiff's motion is granted.

### I. BACKGROUND

Plaintiff Angel Keegan was employed at Defendant Bloomingdale's Inc. ("Bloomingdale's") as the "At Your Service" manager from November 1993 to December 1994. While an employee, Keegan was provided health insurance as a beneficiary under a group health plan sponsored by Bloomingdale's and administered by Defendant Federated Department Stores Inc. ("Federated").

After Keegan's employment ceased, Federated—perhaps because Bloomingdale's failed to notify it of Keegan's termination—failed to extend to Keegan her right of continuing coverage under the applicable group plan. Consequently, Keegan brought this suit, claiming that Bloomingdale's and/or Federated violated the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. § 1161–1169.

Bloomingdale's filed a counterclaim. Keegan's salary was comprised of a managerial fee and a draw against commissions, which was computed based on a percentage of her monthly net sales. Keegan, however, was not entitled to take a commission on merchandise sold, but later returned. Apparently, Keegan manipulated the system to hide sales she drew a commission on which were subsequently returned. As a result, Keegan was overpaid approximately $14,000.

After discovering Keegan's "thievery," Bloomingdale's entered into an agreement with Keegan whereby Keegan agreed to reimburse Bloomingdale's $14,000. Two weeks later, Keegan resigned. Keegan has not repaid any portion of the overpayment.

Consequently, Bloomingdale's filed a two-count counterclaim for (1) breach of contract and (2) conversion. Bloomingdale's alleges jurisdiction under 28 U.S.C. § 1367(a)—the "supplemental jurisdiction" statute.

Keegan filed a motion to dismiss the counterclaim on the ground that supplemental jurisdiction was lacking.

### II. DISCUSSION

The Court agrees with Keegan.

Pursuant to § 1367(a), the district courts may exercise supplemental jurisdiction *only* over claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The "original jurisdiction" action is Keegan's COBRA claim against Bloomingdale's and Federated. Thus, the issue is whether Bloomingdale's breach of contract and conversion counterclaim are "so related" to Kee-

gan's COBRA claim that they "form part of the same case or controversy." Or, employing the terminology of the Seventh Circuit, supplemental jurisdiction exists if the counterclaim is "sufficiently related" to the COBRA claim such that they "derive from a common nucleus of operative facts." *See Ammerman v. Sween,* 54 F.3d 423, 424 (7th Cir.1995); *Brazinski v. Amoco Petroleum Additives Co.,* 6 F.3d 1176, 1181 (7th Cir. 1993).

The Court concludes that the requisite nexus between the COBRA claim and the breach of contract and conversion counterclaim is lacking. The Court is mindful that "a loose factual connection between the claims" is enough to satisfy § 1367(a), *see Channell v. Citicorp Nat'l Serv., Inc.,* 89 F.3d 379, 385 (7th Cir.1996); but here, there is really no factual connection underlying the claims.

Indeed, the factual basis for Keegan's COBRA claim is that she was not notified of her right to continuing coverage following her resignation with Bloomingdale's. The factual basis underlying Bloomingdale's counterclaim is that Keegan "stole" from it (conversion) and neglected to reimburse it pursuant to a signed agreement (breach of contract). There is no factual connection underlying the claim and counterclaim. Or, utilizing the pertinent language, the COBRA claim and the breach of contract and conversion counterclaim do not derive from a common nucleus of operative fact. Stated in yet another way, the Court simply cannot conclude that Bloomingdale's counterclaim are "so related" to Keegan's claim that it forms "part of the same case or controversy."

## III. *CONCLUSION*

For the reasons discussed above, the Court finds that it lacks supplemental jurisdiction under § 1367(a) over Bloomingdale's counterclaim. Accordingly, Keegan's motion to dismiss Bloomingdale's counterclaim is granted; Bloomingdale's counterclaim are dismissed for lack of jurisdiction.