**PEJEPSCOT INDUSTRIAL PARK, INC. d/b/a Grimmel Industries, Plaintiff**

v.

**MAINE CENTRAL RAILROAD CO., et al., Defendants**

**No. CIV. 99–112–P–C.**

United States District Court, D. Maine.

Sept. 11, 2003.

James T. Kilbreth, Verrill & Dana, Rita H. Logan, Verrill & Dana, Portland, for Pejepscot Industrial Park, Inc., dba Grimmel Industries, Plaintiffs.

Eric L. Hirschhorn, Winston & Strawn, LLP, Washington, DC, Glen L. Porter, Eaton, Peabody, Bradford & Veague, Bangor, for Maine Central Railroad Co., Springfield Terminal Railway Co., Guilford Transportation Industries, Inc., Defendants.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Senior District Judge.

In an order dated June 13, 2003 (Docket Item No. 38), the Court vacated the stay of proceedings as to Plaintiff's state-law claims for declaratory and injunctive relief regarding the ownership of a railroad spur (Counts I and II), breach of duty to Plaintiff as a third-party beneficiary (Count IV), breach of contract (Count V), and tortious interference (Count VI) and instructed the parties to brief the issue of whether this Court should exercise its supplemental jurisdiction as to Plaintiff's state-law claims and the effect of this Court's going forward with the state-law claims simultaneously with the resolution of Defendants' Petition for Reconsideration with respect to Count III by the Surface Transportation Board (the "Board"). For the reasons set forth below, the Court is satisfied that it has supplemental jurisdiction over Plaintiff's state-law claims and concludes that, at this stage in the case, it is appropriate for the Court to exercise its supplemental jurisdiction over such claims. The Court further concludes that it is appropriate to move forward with the proceedings on Plaintiff's state-law claims at this time.

▆▆ Supplemental jurisdiction over a state-law claim rests in a federal court "whenever it is joined with a federal claim and the two claims 'derive from a common nucleus of operative fact' and the plaintiff 'would ordinarily be expected to try them both in one judicial proceeding.'" *Vera–Lozano v. Int'l Broad.*, 50 F.3d 67, 70 (1st Cir.1995) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Supplemental jurisdiction exists if there is a "loose factual connection" between the federal and state claims. *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir.1995). The exercise of supplemental jurisdiction lies within the broad discretion of the district court. *See Vera–Lozano*, 50 F.3d at 70.

▆▆ Count III alleges that Defendants unlawfully refused to provide rail service in violation of the ICC Termination Act.[1] Plaintiff's state-law claims relate to Defendants' alleged failure to meet and/or interference with various obligations regarding the provision of rail service. Defendants do not challenge the Court's exercise of

---

1. Specifically, Plaintiff alleges that Defendants violated 49 U.S.C. § 11101.

supplemental jurisdiction over Count V, but do object to the Court's exercise of supplemental jurisdiction over Counts I, II, IV, and VI. The Court concludes that the facts underlying all of the state-law claims are sufficiently connected to the facts underlying Count III to form a common nucleus of operative facts among all six claims.

The supplemental jurisdiction statute sets forth a number of reasons for which a federal court may decline to exercise supplemental jurisdiction 28 U.S.C. § 1367(c). It is permissible for a district court to refuse to exercise supplemental jurisdiction in cases in which the state claim "substantially predominates" over the federal claim. 28 U.S.C. § 1367(c)(2). Defendants urge the Court to rely on this basis for declining to exercise supplemental jurisdiction over Counts IV and VI because, they argue, these state-law claims are broader than Count III. The Court is not persuaded that Counts IV and VI substantially predominate over Count III and further believes that considerations of judicial economy and fairness to the litigants support the Court's exercise of its supplemental jurisdiction over Counts I, II, IV, V, and VI.

The final issue before the Court is whether to proceed with Plaintiff's state-law claims before the Board issues its ruling on Defendants' Petition for Reconsideration. Decisions regarding the exercise of supplemental jurisdiction require a district court to "examine the totality of the circumstances." *Che v. Massachusetts Bay Trans. Auth.*, 342 F.3d 31, 37 (1st Cir.2003). In doing so, the district court considers issues such as comity, judicial economy, convenience and fairness. *See id.* The Court is satisfied that the Board's resolution of Defendants' Petition for Reconsideration with respect to Count III will not control the outcome of Plaintiff's state-law claims, nor will the processing of Plaintiff's state-law claims hinder the Board's resolution of Defendants' Petition for Reconsideration. Further, the Court believes that considerations of judicial economy and fairness to the litigants weigh in favor of proceeding with Plaintiff's state-law claims at this time, especially in light of the length of this case's pendency before this Court.

Accordingly, the Court ORDERS that the case proceed with respect to Counts I, II, IV, V, and VI.