# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-IA-02016-SCT

*MISSISSIPPI FARM BUREAU FEDERATION,*
*CLAIBORNE COUNTY FARM BUREAU,*
*RANKIN COUNTY FARM BUREAU,*
*AMITE COUNTY FARM BUREAU, LAUDERDALE*
*COUNTY FARM BUREAU, RURAL INSURANCE*
*AGENCY, INC.,*
*SOUTHERN FARM BUREAU*
*LIFE INSURANCE COMPANY,*
*SOUTHERN FARM BUREAU*
*CASUALTY INSURANCE COMPANY, MISSISSIPPI*
*FARM BUREAU*
*CASUALTY INSURANCE COMPANY, MISSISSIPPI*
*FARM BUREAU*
*MUTUAL INSURANCE COMPANY,*
*MARCUS MARTIN, DAN MARTIN,*
*MICHAEL BRIDWELL, RANDY HYNUM*
*AND TOMMY ALLEN*

*v.*

*BRENDA ROBERTS, BARBARA RIGDON, MARTHA*
*VIA, BECKY KIRKLAND*
*AND ALINDA WHITE*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/05/2004 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK, JR. |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | AMY K. ELDER |
| | SAM E. SCOTT |
| | DALE G. RUSSELL |
| | CHARLES G. COPELAND |
| | KEN R. ADCOCK |
| | G. MICHAEL WARREN |
| ATTORNEYS FOR APPELLEES: | MARK T. McLEOD |
| | MITCHELL H. TYNER |
| | GENEVIEVE G. McLEOD |
| NATURE OF THE CASE: | CIVIL - OTHER |

**BEFORE WALLER, P.J., DICKINSON AND RANDOLPH, JJ.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    After the Circuit Court of Claiborne County denied a motion to sever, Appellants Mississippi Farm Bureau Federation, Claiborne County Farm Bureau, Rankin County Farm Bureau, Amite County Farm Bureau, Lauderdale County Farm Bureau, Rural Insurance Agency, Inc., Southern Farm Bureau Life Insurance Company, Southern Farm Bureau Casualty Insurance Company, Mississippi Farm Bureau Casualty Insurance Company, Mississippi Farm Bureau Mutual Insurance Company, Marcus Martin, Dan Martin, Michael Bridwell, Randy Hynum, and Tommy Allen ["defendants"] filed a petition for an interlocutory appeal, which we granted. Finding that the denial of the motion to sever constituted error, we reverse the circuit court's order and remand this case for proceedings consistent with this opinion.

## FACTS

¶2.    Five plaintiffs, Brenda Roberts, a resident of Claiborne County; Barbara Rigdon, a resident of Lauderdale County; Martha Via, a resident of Rankin County; Becky Kirkland, a resident of Amite County; and Alinda White, a resident of Amite County ("plaintiffs"), alleged that each of them entered into contracts with some of the defendants,[1] appointing them as

---

[1]Via, Rigdon, Roberts and White had contracts with Southern Farm Bureau Life, Southern Farm Bureau Casualty, Miss. Farm Bureau Casualty and Miss. Farm Bureau Mutual. Kirkland did not specify with which defendants she had contracts.

independent agents for the purpose of selling insurance. They alleged that, even though they were good producers for the various companies, they were prevented from expanding their businesses, as promised, subjected to unfair treatment because they were women, and experienced undue pressure, harassment, discrimination, misdeeds and interference. More specifically, the complaint states the following causes of action:

1. Breach of contract: Defendants failed to provide assistance and support necessary to develop and maintain their businesses as promised; refused to allow plaintiffs to operate as independent agents as promised; failed and refused to perform their obligations under the contracts; prevented plaintiffs from performing their duties as assigned; subjected plaintiffs to verbal and emotional abuse; thwarted the plaintiffs' efforts to produce and operate their businesses; effectuated a constructive discharge of the plaintiffs and breached the relationships and contracts between the parties.

2. Tortious bad faith breach of contract: Defendants intentionally caused plaintiffs' businesses to fail and defendants' actions were oppressive, fraudulent and malicious.

3. Fraud, intentional misrepresentation and negligent misrepresentation: Defendants represented to plaintiffs that their compensation would be based on commissions, yet intended to undermine plaintiffs' abilities to receive commissions by stealing clients and switching accounts.

4. Conspiracy: Defendants conspired to steal plaintiffs' clients so that defendants, not plaintiffs, would receive the commissions.

5. Intentional and negligent infliction of emotional distress.

¶3.    The circuit court denied the defendants' motion to sever, and the defendants requested permission to file an interlocutory appeal to this Court, which granted the request.

3

# DISCUSSION

## I. M.R.C.P. 20 JOINDER

¶4. Rule 20(a) of the Mississippi Rules of Civil Procedure provides that two or more plaintiffs may join their claims in one cause of action if the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and if there is any common question of law or fact.[2] Both of these prongs of Rule 20(a) must be met in order to deny a motion for severance. *Wyeth-Ayerst Laboratories v. Caldwell*, 905 So. 2d 1205, 1207, (Miss. 2005).

¶5. Mississippi Rule of Civil Procedure 20 gives trial courts broad discretion in determining when and how to try claims. *Id*. Therefore, appellate courts review trial court decisions regarding venue and joinder for abuse of discretion. *Id.* Cases involving a question of the propriety of Rule 20(a) joinder are reviewed on a case-by-case basis. *Id.* Before an

---

[2]Rule 20 provides in part as follows:

> **(a)    Permissive Joinder.**    All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

alleged "transaction or occurrence" will pass muster under Rule 20(a), an appellate court must find a "distinct litigable event linking the parties." *Id.* at 1208. Another important consideration in deciding if joinder is appropriate is whether the proof presented to the jury would be confusing due to the multiplicity of the facts. *Id.* at 1209. We have held:

> [The determination of whether a distinct litigable event linking the parties exists] includes, among other things, whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant. The appropriateness of joinder decreases as the need for additional proof increases. If plaintiffs allege a single, primary wrongful act, the proof will be common to all plaintiffs; however separate proof will be required where there are several wrongful acts by several different actors. The need for separate proof is lessened only where the different wrongful acts are similar in type and character, and occur close in time and/or place.

*Ill. Cent. R.R. v. Gregory*, 912 So. 2d 829, 834-35 (Miss. 2005).

¶6.     The defendants argue that joinder is improper in this case because:

> (1)     Each plaintiff entered into a separate contract with different insurance companies selling different types of insurance.
>
> (2)     The contracts were entered into at different times.
>
> (3)     The contracts were entered into in different counties (except for White and Kirkland, residents of Amite County who both entered into their separate contracts in Amite County).
>
> (4)     Each plaintiff worked for a different manager (with the exception noted above).
>
> (5)     Each plaintiff alleges a different set of facts.

> (6) Each plaintiff would require different witnesses to prove her case.
>
> (7) The circumstances underlying each plaintiff's resignation are separate and distinct.

The defendants also contend the only commonalities between the plaintiffs' allegations are that they were each dissatisfied with their employment and they each sold insurance for a Farm Bureau insurance company. The plaintiffs add that the contract signed by each of them is substantially the same contract.

¶7. The plaintiffs all allege breach of contract, negligent and intentional torts, conspiracy, and fraud; however, they worked under different supervisors in different locations, and were subject to several different alleged circumstances at different times. Inasmuch as proof of the fraud and conspiracy claims alone would require intricate factual narratives and multiple witnesses, the amount of evidence that would have to be introduced to prove all the claims in one trial would certainly overwhelm a jury. It is important to note that no plaintiff has claims against every defendant.

¶8. The only alleged distinct litigable events which could tie together the plaintiffs claims against the defendants are the fraud and conspiracy claims. The complaint, however, does not state any specific facts to support such claims. In their depositions, the plaintiffs make vague, conclusory statements about Farm Bureau forcing out long-term agents so the managers can reap the rewards of the agents' hard work. These same issues were discussed in a recent severance case, *MS Life Ins. Co. v. Baker*, 905 So. 2d 1179 (Miss. 2005), in which we held that severance was appropriate because:

Though the forty-five plaintiffs in this case have lodged multifarious complaints of deception by Mississippi Life in their pleadings, motions, and briefs, they have failed to present any evidence which specifically identified any common misrepresentation to all plaintiffs by Mississippi Life, either written or oral. . . .

*Id.* at 1155-86. The ***Baker*** court quoted with favor ***McLernon v. Source Int'l, Inc.***, 701 F. Supp. 1422 (E.D. Wis. 1988), as follows:

In order to satisfy Rule 20(a), [plaintiffs] must allege that their claims arise from one or more uniform misrepresentations. To do so, they must specifically identify which representations and/or omissions, if any, were made to *all* plaintiffs. If the representation was written, the writing in which the representation appeared and the date of publication must be set forth. That plaintiffs' claims may be premised on oral misrepresentations does not preclude joinder, provided plaintiffs allege that the substance of the oral representations was standardized . . . .

701 F. Supp. at 1425-26 (emphasis in original).

¶9.     We find the plaintiffs have woefully failed to provide sufficient facts to prove their claims of fraud and conspiracy can withstand severance. To meet the above standards, there should be a showing that all of the plaintiffs' managers had a common plan in place prior to the hiring of the plaintiffs to induce the plaintiffs to work hard and sell insurance policies with recurring premiums and then force the plaintiffs to resign so the managers could receive the percentage of the recurring premiums.

¶10.    Therefore, we find the circuit court erred in denying the defendants' motion to sever because the plaintiffs cannot show a distinct litigable event; and because all the actions

7

complained of occurred (except for the two Amite County plaintiffs) in separate counties, in separate offices and were performed by different and separate actors.

¶11.   We order the circuit court to sever and dismiss all causes of action filed by plaintiffs who were improperly joined.  Said dismissal shall be without prejudice for each plaintiff to file a new complaint in an appropriate venue.[3]

## II.   MOTION FOR CHANGE OF VENUE.

¶12.   The plaintiffs argue that the defendants have waived their claim for change of venue because they did not raise this issue in the circuit court.  The record shows that all of the defendants' answers to the complaint contained motions to change venue.  The Rural Insurance Agency, the Southern Farm Bureau Life Insurance Company, the Southern Farm Bureau Casualty Insurance Company, the Mississippi Farm Bureau Casualty Insurance Company and Mississippi Farm Bureau Mutual Insurance Company also filed a separate "motion to sever and transfer venue."  The other defendants joined in this motion.  The circuit court, however, ruled only upon the severance part of the motion.  The defendants immediately thereafter filed a motion for permission to take an interlocutory appeal.

¶13.   The defendants did not waive their motion for change of venue.  The motion was considered by the circuit court when it considered the severance portion of the motion.  For

---

[3]The dismissal of a plaintiff's "duly commenced" case based solely on misjoinder and improper venue would constitute dismissal for a matter of form, bringing into play the provisions of Miss. Code Ann. § 15-1-69 (Rev. 2003), which provides that "the plaintiff may commence a new action for the same cause, at any time within one year. . . ."  The "new action" would, of course, be subject to the same affirmative defenses and substantive challenges as was the original suit.

8

reasons not due to any action or non-action of the defendants, the circuit court did not rule upon it.

### III.    MOTION TO DISMISS.

¶14.    Defendants contend the Mississippi Farm Bureau Federation, the Claiborne County Farm Bureau, the Rankin County Farm Bureau, the Amite County Farm Bureau, and the Lauderdale County Farm Bureau should be dismissed because this action is based on allegations of breach of contract and these entities did not enter into any contracts with the plaintiffs and are not in the business of selling insurance.   The plaintiffs respond that, even though motions to dismiss were filed in the circuit court, they were not considered on the merits; therefore the issue may not be considered on appeal.

¶15.    In the interest of judicial economy, a motion to dismiss not considered by the trial court may be ruled upon on appeal.  *See, e.g., **Watters v. Stripling***, 675 So. 2d 1242, 1244 (Miss. 1996).   However, we find the motion to dismiss is more appropriate for consideration by the trial court.   The complaint shows that, even though there is a cause of action for breach of contract, there are also causes of action for fraud, intentional misrepresentation,  and negligent misrepresentation, conspiracy, and intentional and negligent infliction of emotional distress.    And, even though the complaint does not state any specific facts against these defendants, plaintiffs do state specific facts against these defendants in their briefs before this Court.  Because the issue appears to be complex, we decline to address the motions to dismiss.

### CONCLUSION

¶16. We reverse the circuit court's denial of defendants' motions to sever and to transfer venue. We remand this matter to the circuit court with instructions to dismiss without prejudice the non-Claiborne County plaintiffs so that they may refile their complaints in an appropriate venue.

¶17. **REVERSED AND REMANDED.**

**SMITH, C.J., COBB, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**